## Rosenthall *v.* Board of Pharmacy.

Argued September 13, 1971, before Judges CRUM-LISH, JR., MANDERINO and ROGERS, sitting as a panel of three.

*Louis Silverhart,* for appellant.

*Gerald Gornish,* Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 20, 1971:

The appellant, Charles Rosenthall, was tried in the Court of Common Pleas of Allegheny County upon two indictments: the first to 7699 October Session 1970 charging him with selling, dispensing or giving away, without prescription, narcotic drugs; and the second to 7700 October Session 1970 charging him in one count with unlawful possession of narcotic drugs and in a second count of conspiracy unlawfully to sell, buy and deal in narcotic drugs. The jury found appellant guilty of the offense charged in the indictment to 7699, and of the conspiracy charged in the second count of indictment 7700. Upon direction of the trial judge, the jury found the appellant not guilty of the first count of in-

dictment 7700, unlawful possession. No judgments of sentence have been entered by reason of appellant's having filed post-trial motions which are still pending in the Allegheny County Court. The record does not disclose what post-trial motions were made or their grounds.

The Pennsylvania State Board of Pharmacy issued its citation to appellant to show cause why his pharmacy license and his pharmacy permit for a premises called Reiser's Pharmacy should not be revoked or suspended. The citation was grounded upon subsections (a)(2) and (b)(2) of Section 5 of the Pharmacy Act of 1961, September 27, P. L. 1700, 63 P.S. 390-5(a)(2) and (b)(2). Subsection (a)(2) confers upon the Pennsylvania State Board of Pharmacy the power to suspend or revoke the pharmacy license of one who "(2) . . . has been found guilty, pleaded guilty or entered a plea of nolo contendere to any offense in connection with the practice of pharmacy or involving moral turpitude before any court of record of any jurisdiction"; and Subsection (b)(2) empowers the Board to suspend or revoke the permit of any pharmacy upon proof that the holder "(2) . . . has violated any of the provisions of this act or regulations of the board applicable to him or any provision of the Drug, Device and Cosmetic Act. . . ."

At the hearing conducted by the Board there were admitted into evidence the records of the indictments and verdicts above recited. The Board suspended appellant's license and permit for a period of one year.

Appellant contends first that the Board lacked power to suspend because the phrase "found guilty" as used in Subsection (a)(2) has the same meaning as the word "conviction" and that he has not been convicted because judgments of sentence have not been entered on the verdicts. He further contends that the suspension of his license and permit prior to convic-

tion is a denial of due process. Neither contention has merit. As to the first, it is noted that prior Acts empowered the Board to suspend or revoke upon "conviction of a second violation in connection with the practice of pharmacy."[1] It is clear that the Legislature was aware of the legal distinction between a finding of guilty and a conviction and no doubt in recognition of the increased use of dangerous drugs, consciously invested the Board with power to suspend or revoke upon a guilty verdict and before judgment of sentence. That the Legislature has been aware of the distinction which appellant seeks here to obliterate is illustrated by Section 12 of the Medical Practice Act, 1911, June 3, P. L. 639, 63 P.S. 410, which empowers the Medical Education and Licensure Board to refuse to grant a physician's license to persons convicted of certain offenses and to refuse, revoke or suspend the license of persons found guilty of others. Technical legal terms are, in the absence of a countervailing intent, to be taken in their established common law significance; and "found guilty" is a technical legal term. *Commonwealth v. Minnich*, 250 Pa. 363, 95 A. 565 (1915). Furthermore, the fact that the person whose status is described by the words "found guilty" or "conviction" is before the court requires the application of the technical legal meaning of those words. *Commonwealth ex rel. McClenachan v. Reading*, 336 Pa. 165, 6 A. 2d 776 (1939). We find nothing in this statute or the circumstances of its passage which suggests that the Legislature intended other than that the Board might suspend the license and permit of one found by a jury to have been guilty of an offense in connection with the practice of pharmacy.

Appellant further argues that he has been deprived of his property rights without due process because his

---

[1] Act of 1921, May 16, P. L. 613; Act of 1949, May 11, P. L. 1095; Act of 1955, October 6, P. L. 659.

license has been suspended before disposition of his post-trial motions. Such a contention furnishes strong temptation to produce a disquisition. It is a temptation to which, following the example of appellant's counsel whose brief merely states his position, we will not yield, except to record the pertinent observations of Mr. Justice BURTON concerning the scope of the State's power in the regulation of medical practitioners: "It is elemental that a state has broad power to establish and enforce standards of conduct within its borders relative to the health of everyone there. It is a vital part of every state's police power. The state's discretion in that field extends naturally to the regulation of all professions concerned with health. . . . The practice of medicine in New York is lawfully prohibited by the state except upon the conditions it imposes. Such practice is a privilege granted by the state under its substantially plenary power to fix the terms of admission. . . . It is equally clear that a state's legitimate concern for maintaining high standards of professional conduct extends beyond initial licensing. Without continuing supervision, initial licensing examinations afford little protection." *Barsky v. Board of Regents,* 347 U.S. 442, 449, 74 Sup. Ct. 650,654 (1954).

The action of the General Assembly in providing that the rendition of a verdict of guilty of an offense in connection with the practice of pharmacy should be the occasion for the suspension or revocation of the offender's license to practice is clearly within its powers as thus described. Moreover, the appellant seems to misread the statute. The finding of guilt does not automatically result in the termination of the license to practice. It is merely a circumstance upon which the Board, after hearing, might conclude that a suspension or revocation should be imposed. As provided by the statute, this appellant was served with a citation informing him of the nature of the charge asserted

against him, was given a hearing which he attended with counsel and at which he was afforded the opportunity to put on a defense. His counsel's response to the Board's invitation to offer evidence as to why the record of the verdicts against him should not move the Board to revoke or suspend was: "At this time, since I have an appeal pending I don't particularly want him to testify. I think that would prejudice the appeal. We will leave it that way." We can find no violation of appellant's constitutional rights in these proceedings, in the statutes authorizing them or the result here reached.

As to the suspension of appellant's pharmacy permit, the record supports the Board's conclusion that the conditions of Section 5(b)(2) were here present. Not only was there a violation of the Pharmacy Act,[2] the jury found appellant guilty of violations of the Drug, Device and Cosmetic Act of 1961, September 26, P. L. 1664, §1, 35 P.S. 780-1.

Order affirmed.

Judge MANDERINO dissents.

---

[2] *Moretti v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 121, 130, 277 A. 2d 516, 520 (1971).