George Thomas Duda, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

Argued September 12, 1978, before President Judge Bowman and Judges Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle and MacPhail. Judges Crumlish, Jr. and Craig did not participate.

*Larry P. Gaitens,* with him *Lucchino, Gaitens & Hough,* for petitioner.

*William J. Wheeler, Jr.,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Rogers, November 2, 1978:

George Thomas Duda, a pharmacist, has filed a petition for review of an order of the State Board of Pharmacy suspending his license to practice pharmacy for a period of thirty days. We granted a supersedeas and we now reverse the Board's order.

Mr. Duda pleaded guilty to two charges of violating Section 13(a)(28) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-113 (a)(28), which provides:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . .

(28) The furnishing of false or fraudulent material information in or omission of any material information from any application, report, or other document required to be kept or filed under this act, or any record required to be kept by this act.

Subsection (c) of Section 13 of the Drug Act denominates a violation of clause 28 of Section 13(a) a misdemeanor.

The Board suspended the petitioner's license pursuant to Section 5 of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, 63 P.S. §390-5 and its own regulations to be found at 49 Pa. Code §27.18(u) Section 5 of the Pharmacy Act provides:

(a) The board shall have the power to revoke or suspend the license of any pharmacist upon proof satisfactory to it that:

. . . .

(2) He has been found guilty, pleaded guilty or entered a plea of nolo contendere to any offense in connection with the practice of pharmacy or involving moral turpitude before any court of record of any jurisdiction. . . .

The regulation at 49 Pa. Code §27.18(u) provides that a violation of the Drug Act shall constitute a violation of the Pharmacy Act.

Mr. Duda's case is grounded on Section 23(b) of the Drug Act, 35 P.S. §780-123(b), which provides:

(b) The appropriate licensing boards in the Department of State are hereby authorized to revoke or suspend the registration or license of any practitioner when such person has pleaded guilty or nolo contendere or has been convicted of a *felony* under this act. . . . (Emphasis added.)

35 P.S. §780-123(b).

Section 2 of the Drug Act, 35 P.S. §780-102, defines practitioner as including pharmacists.

Mr. Duda says that Section 23(b) of the Drug Act repealed by implication Section 5 of the Pharmacy Act. Repeal by implication arises only where language used in the later statute is irreconcilably repugnant to the provisions of the earlier statute so as absolutely to preclude a consonant construction of both. *Parisi v. Philadelphia Zoning Board of Adjustment,* 393 Pa. 458, 143 A.2d 360 (1958). We believe that the two provisions of statute at hand are irreconcilable in part. Section 23(b) of the Drug Act restricts the power of the State to impose the strictures of suspension or revocation of licenses to cases where the licensee has pleaded guilty or nolo contendere or has been convicted of a felony under the Drug Act. Section 5 of the Pharmacy Act authorizes the Board of Pharmacy to suspend or revoke the license of one who has been found guilty, pleaded guilty or entered a plea of nolo contendere to *any* offense in connection with the practice of pharmacy. Insofar as Section 5 of the Pharmacy Act provides, as it does that the Pharmacy Board has power to suspend or revoke for an offense under the Drug Act other than one which the Drug Act says is a felony, it is irreconcilable with Section 23(b) of the Drug Act which provides that only offenses which are felonies under that Act may be punished by suspension or revocation. Which controls? Clearly Section 23(b) of the Drug Act. First, the description of allowable sanctions in Section 23(b) of the Drug Act, applicable only to Drug Act offenses is special; as a special provision, it must be construed as an exception to the general provision of Section 5 of the Pharmacy Act giving the Pharmacy Board power to impose sanctions for any offense in connection with the practice of pharmacy. 1 Pa. C.S. §1933. Second, the Drug Act, as the statute later in date,

must be held to prevail. 1 Pa. C.S. §1936. Of course the Pharmacy Board's power to suspend or revoke licenses for the cause of having been found guilty, pleaded guilty or entered a plea of nolo contendere to any offenses other than Drug Act offenses remains unimpaired, as is its power to impose sanctions for conviction,[1] guilty and nolo contendere pleas which are felonies under the Drug Act.

Accordingly, we enter the following order:

### ORDER

AND Now, this 2nd day of November, 1978, the appeal of George Thomas Duda is sustained and the order of the State Board of Pharmacy is reversed.

---

[1] We are aware that the Pharmacy Act authorizes suspension and revocation where the licensee has been *found guilty* of an offense and that the Drug Act uses the more restrictive word *convicted*. See *Rosenthall v. State Board of Pharmacy*, 3 Pa. Commonwealth Ct. 621, 284 A.2d 846 (1971). Since, as we here hold, the Drug Act applies to Drug Act offenses, a mere finding of guilt of a felony will not justify sanctions, which may be imposed only after judgment of sentence.