Ronald John Intrieri, Petitioner v. Commonwealth of Pennsylvania, Department of State, Commissioner of Professional and Occupational Affairs and State Board of Pharmacy, Respondents.

Argued December 4, 1978, before Judges WILKIN-SON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Leonard G. Ambrose, III,* for appellant.

*William J. Wheeler, Jr.,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, February 2, 1979:

This is an appeal from an order of the Pennsylvania State Board of Pharmacy (Board) permanently revoking the pharmacy license of Ronald John Intrieri (Petitioner). Petitioner and his brother, Peter James Intrieri, pled guilty to four violations of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act in the Court of Common Pleas of Erie County.[1]

---

[1] To wit, the unlawful dispensing of Schedule III and Schedule V controlled substances, and the failure to make biennial inventory of controlled substances and the failure to make records of distri-

Petitioner was sentenced to one year in prison with immediate parole and five years probation to follow. In addition, he was fined Two Thousand Five Hundred ($2,500.00) Dollars and ordered to pay the costs of prosecution. Petitioner's brother was sentenced to a term of not less than eleven and one-half nor more than twenty-three months in prison with five years probation to follow incarceration. He was also fined Five Thousand ($5,000) Dollars and ordered to pay the costs of prosecution.

Thereafter, upon citation and following a hearing, both Petitioner and his brother had their licenses revoked by the Board. Petitioner argues that the Board's order constitutes excessive punishment under the Constitutions of Pennsylvania and the United States, because the magnitude of the punishment is disproportionate to the severity of the offense.

The conclusions of law set forth by the Board state that Petitioner was "convicted of a violation of the Controlled Substance, Drug, Device and Cosmetic Act," and that the Pharmacy Act[2] and regulations adopted pursuant thereto provide for the revocation of Petitioner's license "upon conviction of *such a crime*"[3] (emphasis added).

Because it appears that the Board's decision to revoke Petitioner's license was controlled by and based at least in part upon its conclusion that a plea of guilty to any offense in connection with the practice of pharmacy is sufficient to revoke a pharmacist's license, we must remand the Board's decision for further consideration in light of our recent holding in *Duda v. Com-*

---

bution of controlled substances. Section 13 of The Controlled Substance, Drug, Device and Cosmetic Act (The Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(14), (21).

[2] Section 5 of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, *as amended*, 63 P.S. §390-5(a)(2)(6)(9).

[3] 49 Pa. Code §§27.71, 27.8(F)(G)(U).

*monwealth Board of Pharmacy,* 38 Pa. Commonwealth Ct. 278, 393 A.2d 57 (1978). In that case we stated that:

> Section 23(b) of the Drug Act restricts the power of the State to impose the strictures of suspension or revocation of licenses to cases where the licensee has pleaded guilty or nolo contendere or has been convicted of a felony under the Drug Act. Section 5 of the Pharmacy Act authorizes the Board of Pharmacy to suspend or revoke the license of one who has been found guilty, pleaded guilty or entered a plea of nolo contendere to *any* offense in connection with the practice of pharmacy. Insofar as Section 5 of the Pharmacy Act provides, as it does, that the Pharmacy Board has power to suspend or revoke for an offense under the Drug Act other than one which the Drug Act says is a felony, it is irreconcilable with Section 23(b) of the Drug Act which provides that only offenses which are felonies under that Act may be punished by suspension or revocation. Which controls? Clearly Section 23(b) of the Drug Act. (Emphasis in original.)

*Duda, supra,* at 381, 393 A.2d at 59.

In the instant case, Petitioner pled guilty to four violations of The Drug Act. Three of the violations were misdemeanors and only one was a felony. Under our holding in *Duda,* the Board would certainly have the power to revoke the Petitioner's license for a single violation of The Drug Act classified as a felony, however they would not have the obligation to do so. Their discretion would certainly be reviewable by this Court.

In view of the fact that Petitioner's appeal to this Court is based solely upon the alleged excessiveness

of his punishment in relation to the severity of the offense, we are compelled to remand to the Board, out of fairness and justice to him.

### ORDER

AND Now, this 2nd day of February, 1979, the order of the Pennsylvania State Board of Pharmacy, dated April 20, 1977, revoking the license of Ronald John Intrieri, is hereby remanded for further proceedings consistent with the foregoing opinion.