Frank Phillip Rice, d/b/a Phillips Drug, Inc., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

Charles Rice, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

Argued March 9, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*John L. Doherty*, with him *William F. Manifesto*, and *Manifesto, Doherty, Love and Talarico*, P.C., for petitioners.

*Lenora M. Smith*, Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 10, 1979:

The Pennsylvania State Board of Pharmacy (Board) ordered the revocation of the pharmacy licenses of Frank and Charles Rice (Petitioners) and the pharmacy permit to Phillips Drug, Inc. Rice et al. appeal.

We reverse.

Section 5(a)(2) of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, *as amended*, 63 P.S. §390-5 (a)(2), empowers the Board to suspend or revoke the license of any pharmacist who "has been found guilty, pleaded guilty or entered a plea of nolo contendere to any offense in connection with the practice of pharmacy or involving moral turpitude. . . ." It is undisputed that on October 19, 1976, Petitioner Frank Rice pled nolo contendere to charges that he violated Section 13(a)(13) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a) (13), and that on the following day, Petitioner Charles Rice pleaded guilty to similar charges. Section 13(b) of the Drug Act makes such a violation a misdemeanor.

Although Petitioners do not make this argument, Section 23(b) of the Drug Act, 35 P.S. §780-123(b), provides as follows:

The appropriate licensing boards in the Department of State are hereby authorized to revoke or suspend the registration or license of any practitioner when such person has pleaded guilty or nolo contendere or has been convicted of a *felony* under this act. . . . (Emphasis added.)

Section 2 of the Drug Act includes pharmacists and pharmacies within the definition of "practitioner."

In *Duda v. Commonwealth Board of Pharmacy*, 38 Pa. Commonwealth Ct. 378, 393 A.2d 57 (1978), we considered the inconsistency between Section 5 (a)(2) of the Pharmacy Act, authorizing suspension or revocation for *any* offense relating to the practice of pharmacy, and Section 23(b) of the Drug Act, permitting such sanctions only for violations of that act which constitute *felonies*, and decided that the Drug Act, being last in time, controls. We held that, while the Board may suspend or revoke the license of any pharmacist for offenses other than Drug Act violations, be they felonies or misdemeanors, it may revoke or suspend a Drug Act violator's license only when his or her actions rise to the level of a felony. Since the Drug Act violation with which Petitioners were charged was a misdemeanor, the Board lacked the authority to revoke their license. *Intrieri v. Commonwealth Board of Pharmacy*, 40 Pa. Commonwealth Ct. 295, 396 A.2d 927 (1979).

Accordingly, we

## ORDER

AND Now, this 10th day of May, 1979, the order of the Pennsylvania State Board of Pharmacy, dated May 31, 1978, revoking the pharmacy license of Frank and Charles Rice and the pharmacy permit to Phillips Drug, Inc., is hereby reversed.