Arthur Lee Bycer, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy and The Bureau of Professional and Occupational Affairs, Respondents.

Argued February 2, 1981, before Judges WILKIN-SON, JR., MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*David R. Black,* for petitioner.

*Mary R. Shehadi,* Assistant Attorney General, with her *James J. Kutz,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., March 2, 1981:

This is an appeal from an order of the Pennsylvania State Board of Pharmacy (Board) revoking the pharmacy license of petitioner. For his failure to keep and maintain proper prescription records to cover approximately 75 percent of his purchases of controlled substances between 1975 and 1977, petitioner was convicted in federal court for omitting information from a record required to be made in violation of Section 843(a)(4) of the Federal Controlled Substances Act, 21 U.S.C. §843(a)(4). Following petitioner's conviction, the Board issued a citation charging that petitioner violated Section 5 of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, *as amended*, 63 P.S. §390-5,[1] and the Board's regulations found at 49 Pa. Code §27.18(u).[2] After a hearing on the citation, the Board issued its Adjudication and Order revoking petitioner's license.

Violation of Section 843(a)(4) of the Federal Controlled Substances Act is a felony under federal law and virtually the same conduct is prohibited by Sec-

[1] Section 5(a)(2), (6) of the Pharmacy Act, 63 P.S. §390-5(a)(2), (6), provides:

(a) The board shall have the power to revoke or suspend the license of any pharmacist upon proof satisfactory to it that:

. . . .

(2) He has been found guilty, pleaded guilty or entered a plea of nolo contendere to any offense in connection with the practice of pharmacy or involving moral turpitude before any court of record of any jurisdiction;

. . . .

(6) He has violated or permitted the violation of any provision of this act or regulation of the board. . . .

[2] The regulation at 49 Pa. Code §27.18(u) provides that any violation by a pharmacist of the Federal Controlled Substances Act or The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-101 *et seq.*, shall constitute a violation of the Pharmacy Act.

tion 13(a)(28) of the Drug Act, 35 P.S. §780-113(a) (28). However, under the Drug Act this offense is a misdemeanor. In this appeal, petitioner contends that under Section 23(b) of the Drug Act, 35 P.S. §780-123(b),[3] conviction of an offense similar to a Drug Act misdemeanor does not sustain a pharmacy license revocation. Petitioner reads *Duda v. State Board of Pharmacy*, 38 Pa. Commonwealth Ct. 378, 393 A.2d 57 (1978), as precluding the Board from suspending or revoking licenses except in cases where the licensee has been convicted of an offense which the Drug Act says is a felony. We disagree. We read Section 23(b) of the Drug Act to say that a violation of statutes similar to the Drug Act may result in a license suspension or revocation where the violation is a felony under such statutes.

Petitioner argues that suspending or revoking pharmacy licenses for offenses not graded as per the Drug Act is a denial of equal protection of the law under the state and federal constitutions. Since no suspect classifications were created and no fundamental interests are involved here, the test to be applied in evaluating this equal protection claim is "traditional"—a legislative classification must be sustained if the classification is rationally related to a legitimate governmental interest. *Eisenstadt v. Baird,* 405 U.S. 438 (1972), *F. S. Royster Guano Co. v. Virginia,* 253 U.S. 412 (1920); *Matter of Estate of Cavill,* 459 Pa. 411, 329 A.2d 503 (1974). In light of the standard to be applied and of the objects of the statutory scheme (regulation of controlled substances and of the

---

[3] Section 23(b) of the Drug Act, 35 P.S. §780-123(b), provides in pertinent part: "The appropriate licensing boards in the Department of State are hereby authorized to revoke or suspend the registration or license of any practitioner when such person has pleaded guilty or nolo contendere or has been convicted of a felony under this act or any similar State or Federal law."

practice of pharmacy within the Commonwealth), we conclude that the fact that another jurisdiction considers certain proscribed conduct a felony while Pennsylvania chooses to consider it a misdemeanor and that by Section 23(b) of the Drug Act Pennsylvania gives respect to that other jurisdiction's grading of offenses affords no basis for a claim of denial of equal protection.

Through variations of the above theme, petitioner contends that the Board abused its discretion in revoking petitioner's pharmacy license. The answer must be that the Board's finding of a federal felony conviction fully warranted the license revocation. "We will not substitute our own judgment where the penalty is reasonable." *Yurick v. Board of Osteopathic Examiners*, 43 Pa. Commonwealth Ct. 248, 252, 402 A. 2d 290, 292 (1979). *Intrieri v. State Board of Pharmacy*, 40 Pa. Commonwealth Ct. 295, 396 A.2d 927 (1979), does not require us to remand the case to the Board. In contrast with the instant case, a remand in *Intrieri* was necessitated by the Board basing, at least in part, its revocation order upon its conclusion that a plea of guilty to *any* offense in connection with the practice of pharmacy was sufficient to revoke a pharmacist's license. We also reject the argument that a remand is in order since the Board did not have the benefit of arguments that might have been raised on petitioner's behalf by counsel. From the notice of the right to representation on the Citation and Notice of Hearing and from the hearing colloquy between the Board counsel and petitioner, we conclude that petitioner made a knowing and informed decision to proceed without counsel. *See Zani v. Department of Public Welfare*, 42 Pa. Commonwealth Ct. 157, 400 A.2d 247 (1979).

Finally, at oral argument petitioner raised the argument that there has been no conviction upon which,

pursuant to Section 23(b) of the Drug Act, a license revocation may be based. The federal court record of the criminal charge's disposition reports that there was a guilty verdict and a "finding and judgment" that petitioner had been convicted as charged, that the imposition of sentence was suspended, and that petitioner was placed on probation. Since no sentence was imposed, petitioner argues he was not "convicted." Judge DITHRICH of the Superior Court wrote in *Commonwealth v. Palarino*, 168 Pa. Superior Ct. 152, 77 A.2d 665 (1951):

> The word 'conviction' has both a popular and a technical meaning. As commonly understood, it means a verdict of guilty, or perhaps a plea of guilty, and for some purposes this is the meaning attributed to it by the courts. . . . For other purposes it has been held to imply 'judgment' or 'sentence' upon the verdict or plea. . . .
>
> . . . .
>
> A probation order is not a sentence. . . . But it is a judgment. Appellants argue that it is not, on the theory that there can be no judgment without a sentence. But this Court has already held otherwise. . . .
>
> Where, after a verdict or plea of guilty, the court has subjected the defendant to 'an authorized mode of mild and ambulatory punishment' . . . 'in a system of tutelage designed for his reformation' . . . how can it be said that the court has not pronounced judgment? We are of opinion that a probation order is a judgment of conviction. . . . (Citations omitted.)

*Id*. at 156-57, 77 A.2d at 667.

Therefore, even under the "technical meaning" test, we conclude that petitioner was "convicted" for purposes of Section 23(b) of the Drug Act.

Accordingly, we will enter the following

ORDER

AND Now, March 2, 1981, the order of the Pennsylvania State Board of Pharmacy, dated December 24, 1979, revoking the pharmacy license of Arthur Lee Bycer, is affirmed.