William Moeslein, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Karl W. Wiedt, III*, with him *Stuart E. Savage, Savage and Wiedt*, for petitioner.

*Joseph S. Rengert*, Assistant Attorney General, with him *James J. Kutz*, Chief Counsel, and *Harvey Bartle, III*, Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 17, 1981:

William Moeslein (Petitioner) is appealing an order of the State Board of Pharmacy (Board) which revoked Petitioner's pharmacist license.

The facts of this case are not in dispute. Petitioner has been a practicing licensed pharmacist in Pennsylvania since 1971. On February 28, 1979, the Board cited Petitioner for violations of the Pharmacy Act,[1] the regulations promulgated thereunder at 49 Pa. Code §27.18(u) and several sections of The Controlled

---

[1] Specifically, Section 5(a)(6) of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, *as amended*, 63 P.S. §390-5(a)(6).

Substance, Drug, Device and Cosmetic Act (Drug Act).[2] On May 21, 1979, the Board issued to Petitioner an amended citation and notice of hearing charging that Petitioner procured non-narcotic Schedule II controlled substances, including Quaalude and Percodan, for himself and others by forging several names and addresses on prescription blanks presigned by a Dr. Lumen J. Popp for other purposes. The amended citation charged that Petitioner's actions violated Sections 5(a)(6) and 8(13) of the Pharmacy Act, 63 P.S. §390-5(a)(6) and §390-8(13),[3] and the Board's rules and regulations at 49 Pa. Code §27.18(b) and (c).[4] It is important to note that Petitioner was charged with no violations of the Drug Act in the amended citation.

---

[2] Specifically, Sections 11 and 13(a)(6)(12)(13)(14) and (15) of the Drug Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-111 and §780-113(a)(6)(12)(13)(14) and (15).

[3] Section 5(a)(6) provides:

(a) The board shall have the power to revoke or suspend the license of any pharmacist upon proof satisfactory to it that:

. . . .

(6) He has violated or permitted the violation of any provision of this act or regulation of the board.

Section 8(13) provides:

It shall be unlawful for:

. . . .

(13) Any person by himself or through another to procure or attempt to procure for himself or another any drug:

(i) by fraud, deceit, misrepresentation or subterfuge;

(ii) by the forgery or alteration of a prescription or any written order;

(iii) by the concealment of a material fact;

(iv) by use of a false statement in any prescription, order or report.

[4] 49 Pa. Code §27.18(b) provides explicitly for the manner in which prescriptions shall be filled by the dispensing pharmacist. Petitioner was charged with violating these standards of practice when dispensing Schedule II controlled substances.

The Board held a hearing on the charges contained in the amended citation and found that Petitioner's conduct did violate the above sections of the Pharmacy Act and the Board's regulations. In the Board's opinion, these violations justified a revocation of Petitioner's license.

Two issues are presented by Petitioner for our consideration: 1) whether or not the Board exceeded its authority in revoking Petitioner's license for charges which rise only to the level of a misdemeanor; and 2) whether or not the Board's action was so inordinately harsh under the circumstances as to constitute abuse of discretion and/or cruel punishment.

First, Petitioner argues that although Section 5 (a)(6) of the Pharmacy Act gives the Board power to revoke or suspend licenses for violations of the Pharmacy Act or its regulations, since his conduct is prohibited by the Drug Act as well, the Board's revocation and suspension power under the Pharmacy Act is restricted by the revocation and suspension provisions contained in Section 23(b) of the Drug Act, 35 P.S. §780-123(b).[5]

Section 23(b) of the Drug Act provides, in relevant part:

> The appropriate licensing boards in the Department of State are hereby authorized to revoke or suspend the registration or license of any practitioner when such person has pleaded

---

49 Pa. Code §27.18(c) provides in pertinent part:

(c) No pharmacist shall knowingly fill or refill any prescription for a legend, caution legend drug, or nonpropriety drug or device if he knows or has reason to know it is for use by any person other than the one for whom the prescription was written.

[5] Petitioner contends that the amended citation was in fact a device to circumvent the controlling provisions of the Drug Act. There is nothing in the record of this case which would support such an allegation.

guilty or nolo contendere or has been convicted of a felony under this act or any similar State or Federal law.

Petitioner concludes that because his prohibited conduct only rises to the level of misdemeanor rather than felony under both acts,[6] the Board has no authority to revoke or suspend his license.

In *Duda v. State Board of Pharmacy*, 38 Pa. Commonwealth Ct. 378, 393 A.2d 57 (1978), we interpreted the effect of Section 23(b) of the Drug Act on Section 5*(a)(2)* of the Pharmacy Act, 63 P.S. §390-5 (a)(2), which provides:

(a) The board shall have the power to revoke or suspend the license of any pharmacist upon proof satisfactory to it that:

. . . .

(2) He has been found guilty, pleaded guilty or entered a plea of nolo contendere to any offense in connection with the practice of pharmacy or involving moral turpitude before any court of record of any jurisdiction;

In *Duda*, the Court held that *those* two statutory provisions were irreconcilable "in part." Judge ROGERS, writing for the Court, said

Section 23(b) of the Drug Act restricts the power of the State to impose the strictures of suspension or revocation of licenses to cases where the licensee has pleaded guilty or nolo contendere or has been convicted of a felony under the Drug Act. Section 5 of the Pharmacy Act authorizes the Board of Pharmacy to suspend or revoke the license of one who has been found

---

[6] *See* Section 8(15) of the Pharmacy Act, 63 P.S. §390-8(15), and Section 13(a)(6) and (b) of the Drug Act, 35 P.S. §780-113 (a)(6) and (b).

guilty, pleaded guilty or entered a plea of nolo contendere to *any* offense in connection with the practice of pharmacy. Insofar as Section 5 of the Pharmacy Act provides, as it does that the Pharmacy Board has power to suspend or revoke for an offense under the Drug Act other than one which the Drug Act says is a felony, it is irreconcilable with Section 23(b) of the Drug Act which provides that only offenses which are felonies under that Act may be punished by suspension or revocation. Which controls? Clearly Section 23(b) of the Drug Act. (Emphasis in original.)

*Id.* at 381, 393 A.2d at 59.

Two subsequent decisions by this Court clearly indicate that our holding in *Duda* was a narrow one. In *Rice v. State Board of Pharmacy,* 42 Pa. Commonwealth Ct. 543, 401 A.2d 404 (1979), the petitioner pleaded guilty to charges under the Drug Act constituting misdemeanors. The Court held that the Board in that instance lacked the authority to revoke the petitioner's license because "while the Board may suspend or revoke the license of any pharmacist for offenses *other than Drug Act violations, be they felonies or misdemeanors,* it may revoke or suspend a *Drug Act violator's* license only when his or her actions rise to the level of a felony." (Emphasis added.) *Id.* at 545, 401 A.2d at 405, citing *Duda.* In *Carr v. State Board of Pharmacy,* 48 Pa. Commonwealth Ct. 330, 409 A.2d 941 (1980), on the other hand, the Board revoked the petitioner's pharmacist license for an offense "other than a Drug Act violation." Petitioner in *Carr* was found by the Board to be in violation of Section 5 of the Pharmacy Act and the regulations at 49 Pa. Code §27.18(c) and (d), for her conduct of selling drugs (cocaine and dexedine) without a prescription.

Though not at issue, the Court therein noted that "[t]he sale of drugs without a prescription is an offense under the Pharmacy Act and does not require a felony conviction as a precedent to a license suspension or revocation, as is required under the Controlled Substance, Drug, Device and Cosmetic Act [Drug Act]." *Carr*, 48 Pa. Commonwealth Ct. at 332 n. 3, 409 A.2d at 943 n. 3.

In the instant case, the charges against the Petitioner are *not* based upon his plea to or conviction of *any* crime. He is not charged as a violator of the Drug Act. To the contrary, we have noted that he is charged with violations of the Pharmacy Act and the Board's regulations. The fact that his actions may also have constituted grounds for criminal prosecution under the Pharmacy Act or the Drug Act is, therefore, irrelevant.

Because Petitioner was not charged with violations of the Drug Act but only the Pharmacy Act and its regulations, we hold that Section 5(a)(6) of the Pharmacy Act governs the Board's authority to revoke or suspend Petitioner's license. Under Section 5(a)(6) of the Pharmacy Act, whether Petitioner's actions rise to the level of a felony or a misdemeanor has absolutely no bearing on the Board's authority to revoke or suspend Petitioner's license. Therefore, the Board has not exceeded its authority in revoking Petitioner's license for a misdemeanor.

Secondly, the Petitioner argues that revocation of his pharmacist license constitutes an abuse of the Board's discretion because it is not "just under the circumstances."

Courts cannot interfere with the actions of administrative bodies involving acts of discretion absent manifest and flagrant abuse of discretion or a purely arbitrary execution of their duties or functions. *Blu-*

*menschein v. Pittsburgh Housing Authority,* 379 Pa. 566, 109 A.2d 331 (1954). The Pharmacy Board is conferred with discretionary power to revoke or suspend licenses under Section 5 of the Pharmacy Act.

We fail to find that the Board abused that discretion or acted arbitrarily in revoking Petitioner's license. The Board went to considerable length in its adjudication to indicate its reasoning behind the revocation. The Board considered Petitioner's prior unblemished record and his mitigating testimony to the effect that the drugs mainly were being distributed to his parents due to health and financial problems. Nevertheless, the Board felt that those considerations were far outweighed by the interests of the profession and the public in preventing pharmacists from fraudulently obtaining drugs for others without prescriptions. The Board thus justified its revocation and we cannot substitute our discretion for that of the Board.

Petitioner also argues that the revocation of his license is an inordinately harsh sanction, constituting an unconstitutionally cruel and unusual punishment. While the constitutional limitation referred to (Section 13 of Article I of the Pennsylvania Constitution, Pa. Const. art. I, §13) applies only in criminal cases, the principle it embodies is applicable in all proceedings. *Carr,* 48 Pa. Commonwealth Ct. at 335, 409 A.2d at 944. In *Carr,* this Court addressed the same issue and held that because a licensed pharmacist is prohibited from selling even the smallest quantity of a drug without a prescription, it could not view the Board's revocation of the pharmacist's license in that instance as inappropriately harsh. Therefore, we cannot view the Board's revocation of Petitioner's license for similar serious conduct as an inappropriately harsh sanction.

For the above reasons, we affirm the Board's order of revocation.

ORDER

AND Now, this 17th day of July, 1981, the order of the State Board of Pharmacy, dated December 27, 1979, revoking the license of William Moeslein is hereby affirmed.