# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Condemnation by the Redevelopment : 
Authority of Fayette County of Certain : 
Land In Brownsville Borough, Fayette : 
County, Pennsylvania, : 
Being Property of: : 
 : 
Alpha Financial Mortgage, Inc., its : 
Successors, assigns, or any other person : 
or Entity found to have interest in the : 
property : 
 :          No. 1541 C.D. 2015
            v.                  : 
 : 
Redevelopment Authority of : 
Fayette County : 
 : 
Appeal of: Alpha Financial Mortgage, Inc. : 


In the Matter of: : 
Condemnation by the Redevelopment : 
Authority of Fayette County of Certain : 
Land in Brownsville Borough, Fayette : 
County, Pennsylvania, Being Property of: : 
Ernest E. Liggett and Marilyn Kostic Liggett: 
 :          No. 2109 C.D. 2015
            v.                  : 
 : 
Redevelopment Authority of : 
Fayette County : 
 : 
Appeal of: Alpha Financial Mortgage, Inc., : 
Ernest E. Liggett and Marilyn Kostic : 
Liggett, The Brownsville Group, Ltd. : 
and Manor Investments, Ltd. :

In the Matter of:        :
       :
Condemnation by the Redevelopment        :
Authority of Fayette County of Certain        :
Land in Brownsville Borough, Fayette        :
County, Pennsylvania, Being Property of:        :
       :
Brownsville Group, Ltd.        :
       :    No. 2110 C.D. 2015
v.        :
       :
Redevelopment Authority of        :
Fayette County        :
       :
Appeal of: Alpha Financial Mortgage, Inc.,        :
Ernest Liggett and Marilyn Kostik Liggett,        :
The Brownsville Group, Ltd. and Manor        :
Investments,Ltd.        :

In the Matter of: Condemnation by the        :
Redevelopment Authority of Fayette        :
County of Certain Land in Brownsville        :
Borough, Fayette County, Pennsylvania,        :
being property of:        :
       :
Manor Investments, Ltd.        :
       :    No. 2111 C.D. 2015
v.        :
       :    Argued: April 11, 2016
Redevelopment Authority of        :
Fayette County        :
       :
Appeal of: Alpha Financial Mortgage, Inc.,        :
Ernest E. Liggett and Marilyn Kostik        :
Liggett, The Brownsville Group, Ltd. and        :
Manor Investments, Ltd.        :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY
JUDGE McCULLOUGH                              FILED:  December 22, 2016

Alpha Financial Mortgage, Inc., Ernest E. Liggett and Marilyn Kostik Liggett, The Brownsville Group, Ltd., and Manor Investments, Ltd. (collectively, Condemnees) appeal from the July 31, 2015 order of the Court of Common Pleas of Fayette County (trial court) sustaining the preliminary objections of the Redevelopment Authority of Fayette County (the Authority) to the Condemnees' petitions for appointment of viewers.

**Facts and Procedural History**

The underlying facts of this case are not in dispute.  On June 3, 2009, the Authority filed declarations of taking with respect to numerous properties owned by Condemnees.  The Authority submitted estimated just compensation payments to Condemnees, with the first payments commencing on October 18, 2010, and the final payments made as of February 6, 2012.  On April 21, 2014, Condemnees filed separate petitions for appointment of viewers to ascertain just compensation for their condemned properties.  On April 25, 2014, the Authority filed preliminary objections alleging that Condemnees' petitions for appointment of viewers were untimely filed and that Condemnees failed to name a necessary party pursuant to section 502(a)(4) of the Eminent Domain Code, 26 Pa.C.S. §502(a)(4).  (Trial court op. at 1-2.)

More specifically, the Authority alleged that, pursuant to section 19.2 of the Urban Redevelopment Law (URL), Act of May 24, 1945, P.L. 991, added

by the Act of October 2, 2002, P.L. 796, 35 P.S. §1719.2, Condemnees only had one year from the last payment of estimated just compensation to bring an action challenging the same. Section 19.2 states that:

> Notwithstanding the provisions of 42 Pa.C.S. §5526(4) (relating to five year limitation) or any other provision of law to the contrary, a proceeding to challenge just compensation or other damages if a redevelopment authority has exercised powers of condemnation pursuant to this act and made payment in accordance with section 407(a) or (b) of the act of June 22, 1964 (Sp.Sess., P.L. 84, No. 6),[1] known as the "Eminent Domain Code," is subject to a one-year statute of limitations.

35 P.S. §1719.2. Regarding the necessary party, the Authority alleged that Condemnees failed to identify and join Andilnod, Inc., which had recorded a praecipe for *lis pendens* against Condemnees' properties in relation to a separate matter before the trial court. (Reproduced Record (R.R.) at 49a-51a.)

### Trial Court Opinion

By opinion and order dated July 29, 2015, the trial court sustained the Authority's preliminary objections, finding that Condemnees' petitions for appointment of viewers were untimely filed. The trial court did not address the Authority's preliminary objection relating to failure to name a necessary party. The trial court rejected Condemnees' argument that the applicable statute of limitations was six years under section 5527(a) of the Judicial Code, 42 Pa.C.S. §5527(a), and that this section effectively superseded section 19.2 of the URL. Section 5527(a) provides as follows:

---

[1] Section 407 was repealed by the Act of May 4, 2006, P.L. 112, No. 34 (Act 34), and replaced by section 307 of the Eminent Domain Code, 26 Pa.C.S. §307.

2

(i) If a condemnor has filed a declaration of taking, a petition for the appointment of viewers for the assessment of damages under 26 Pa.C.S. (relating to eminent domain) must be filed within six years from the date on which the condemnor first made payment in accordance with 26 Pa.C.S. § 307(a) or (b) (relating to possession, right of entry and payment of compensation).

(ii) If payment is not required to be made under 26 Pa.C.S. § 307(a) to obtain possession, a petition for the appointment of viewers must be filed within six years of the filing of the declaration of taking.

(2) If the condemnor has not filed a declaration of taking, a petition for the appointment of viewers for the assessment of damages under 26 Pa.C.S. must be filed within six years from the date on which the asserted taking, injury or destruction of the property occurred or could reasonably have been discovered by the condemnee.

42 Pa.C.S. §5527(a)(i)-(ii), (2).

The trial court first noted that Condemnees do not point to any statutory text or legislative history evidencing an intent to repeal section 19.2 of the URL. The trial court stated that Condemnees were attempting to argue an implied appeal of this section, which the trial court noted is governed by section 1971 of the Statutory Construction Act of 1972, 1 Pa.C.S. §1971. This section provides as follows:

(a) Revision or exclusive system covering entire subject. --

Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject.

3

(b) Uniform mandatory system covering class of subjects.--

Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.

(c) Other cases. –

In all other cases, a later statute shall not be construed to supply or repeal an earlier statute unless the two statutes are irreconcilable.

1 Pa.C.S. §1971(a)-(c).

The trial court rejected Condemnees' argument that the General Assembly intended the 2006 revisions to the Judicial Code to be the exclusive statute of limitations for all condemnation actions in light of the enactment of section 102(a) of the Eminent Domain Code, which states that "[t]his title provides a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages." 26 Pa.C.S. §102(a). The trial court noted that the phrase "[t]his title" refers only to the Eminent Domain Code.

The trial court also noted that the Authority "operates in accordance with the URL, and incorporates many procedures from the Eminent Domain Code, but not all." (Trial court op. at 5.) In this regard, the trial court explained that "[r]edevelopment authorities with limited budget allocations by necessity must operate more quickly than other condemnors. Public financing and bond issues could never survive a six-year delay." (Trial court op. at 5.) The trial court stressed that repeal by implication is not favored under Pennsylvania law and "arises only where language used in the later statute is irreconcilably repugnant to the provisions of the

4

earlier statute so as absolutely to preclude a consonant construction of both." *Id.*, citing *Duda v. Board of Pharmacy*, 393 A.2d 57, 59 (Pa. Cmwlth. 1978).[2] The trial court found that it would be "far more reasonable to reconcile the two statutes to be a general six-year statute of limitations for most condemnations under the Eminent Domain Code, with a specific one-year statute applicable only to redevelopment authorities under the URL." *Id.* at 5-6.

Additionally, the trial court noted that prior to 2006, section 5526(4) of the Judicial Code, 42 Pa.C.S. §5526(4),[3] included a general five-year statute of limitations for petitions to appoint a board of viewers, and that this section co-existed with section 19.2 of the URL. Since these two sections existed together prior to the implementation of Act 34 in 2006, the trial court stated it did not "see why the Court should now assume the six-year statute governs exclusively, particularly without distinct legislative intent to repeal [section 19.2]." (Trial court op. at 7.)

Further, the trial court emphasized that section 19.2 applies specifically to condemnations by a redevelopment authority for which payment has been made, whereas section 5527(a) applies to condemnors generally with or without a declaration of taking or payment. The trial court also noted that the language of section 19.2, i.e., "[n]otwithstanding the provisions of 42 Pa.C.S. §5526(4) (relating to five year limitation) or any other provision of law to the contrary," reflects an "expansive pronouncement" of the continuing application of the one-year statute of

---

[2] *See also HSP Gaming, L.P. v. City of Philadelphia*, 954 A.2d 1156, 1175 (Pa. 2008) ("Repeals by implication are not favored and will not be implied unless there be an irreconcilable conflict between statutes embracing the same subject matter.")

[3] Section 5526 was also repealed by Act 34 and replaced with section 5527(a) of the Judicial Code.

limitations to condemnations effectuated by redevelopment authorities. (Trial court op. at 8.)

Condemnees thereafter filed a notice of appeal with the trial court as well as a concise statement of matters complained of on appeal raising a single issue, i.e., whether the six-year statute of limitations in section 5527(a) of the Judicial Code repealed and supplanted the one-year statute of limitations in section 19.2 of the URL. The trial court subsequently issued a statement in lieu of opinion standing by the analysis in its original July 29, 2015 opinion.

## Discussion

On appeal to this Court, Condemnees argue that the trial court erred in failing to find that the Act 34 revisions in 2006, namely the six-year statute of limitations set forth in section 5527 of the Judicial Code, repealed and supplanted the one-year statute of limitations set forth in section 19.2 of the URL. We disagree.

In 2005, our United States Supreme Court issued a 5-4 decision in the case of *Kelo v. City of New London*, 545 U.S. 469 (2005). In *Kelo*, the Supreme Court affirmed the decision of the Connecticut Supreme Court upholding the taking of private property from nine landowners in connection with a redevelopment of the downtown and waterfront areas of the City of New London (City). The New London Development Corporation (NLDC), a private nonprofit entity, was established to assist the City in planning economic development. The City Council thereafter authorized the NLDC to submit formal development plans to the relevant state agencies for review and formally designated the NLDC as its development agent in charge of implementation. In this regard, City Council further authorized the NLDC to acquire property by purchase or eminent domain for the redevelopment project.

6

After obtaining all of the necessary state-level approvals, the NLDC began the process of acquiring the necessary land for redevelopment. The NLDC was able to successfully purchase land from all but nine property owners in the area, against whom the NLDC initiated condemnation proceedings. These nine property owners owned a total of fifteen properties in the redevelopment area. There was no allegation that any of these properties was blighted or otherwise in poor condition; rather, they were condemned solely because they happened to be located in the redevelopment area.

The nine property owners thereafter commenced an action in the New London Superior Court, alleging that the taking of their properties violated the "public use" restriction of the Fifth Amendment to the United States Constitution. The New London Superior Court agreed, in part, and granted a permanent restraining order prohibiting the taking of eleven of these properties (relief was denied as to the remaining four properties). However, on appeal, the Connecticut Supreme Court reversed and held that all of the proposed takings were valid, concluding that the taking of land as part of an economic development project was a "public use" and in the "public interest." *Id.* at 476.

Our United States Supreme Court granted certiorari to determine whether a city's decision to take these properties for the purpose of economic development satisfies the "public use" requirement of the Fifth Amendment to the United States Constitution.[4] The Supreme Court answered this question in the affirmative, concluding that the City's proposed disposition of property under the

---

[4] The Fifth Amendment provides, in relevant part, "nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V.

7

redevelopment plan qualifies as an appropriate "public use." The Supreme Court reached this conclusion despite its acknowledgement that the properties were not blighted and that the City did not plan to open all of the condemned land to use by the general public. The Supreme Court reasoned that the City's determination that the area was "sufficiently distressed to justify a program of economic rejuvenation" was entitled to deference, *id.* at 483, and that it had "long ago rejected any literal requirement that condemned property be put into use for the general public," in favor of a "broader and more natural interpretation of public use as 'public purpose.'" *Id.* at 479-80 (citations omitted.)

While the Supreme Court recognized that the proposed economic development included a variety of commercial, residential, and recreational uses for the condemned lands, it rejected the landowners' contention that "using eminent domain for economic development impermissibly blurs the boundary between public and private takings." *Id.* at 485. In this regard, the Supreme Court simply noted that "the government's pursuit of a public purpose will often benefit individual private parties" and that "[t]he public end may be as well or better served through an agency of private enterprise than through a department of government. . . ." *Id.* at 485-86 (citation omitted). The Supreme Court concluded by emphasizing that nothing in its opinion precluded "any State from placing further restrictions on its exercise of the takings power." *Id.* at 489.

Following the Supreme Court's decision in *Kelo*, our Pennsylvania House of Representatives' State Government Committee conducted several hearings to specifically address said decision and clarify the meaning of "public use" in this Commonwealth. (*See* House Legislative Journal, November 1, 2005, pp. 2170-71.) Ultimately, these hearings resulted in the drafting of HB 2054, which a former state

8

representative described as a "product of a careful and . . . thoughtful consideration of weighing private property rights against the need of the government on rare occasions to exercise the extraordinary power of eminent domain." *Id.* at 1271. Indeed, our legislators promptly responded to what they perceived as an expansion of the ability of local governments to take private property for private use, with one state representative noting that "[w]hen the *Kelo* case happened, within a week we introduced legislation that attempted to undo what the Supreme Court did, and what they did was rule that the local government could take your property and give it to someone else." *Id.* at 2169. Nevertheless, another state representative expressed his concern, and that of redevelopment authorities across the state, that this legislation was "an overreaction to the *Kelo* case that the Supreme Court ruled on." *Id.* at 2164. HB 2054 ultimately became Act 34 of 2006, which was signed by then-Governor Ed Rendell on May 4, 2006, and became effective 120 days later.

Act 34 repealed the former Eminent Domain Code[5] and section 5526(4) of the Judicial Code. Specifically, Act 34 enacted a new consolidated Eminent Domain Code at 26 Pa.C.S. §§101 – 1106, which applied to all condemnations effected on or after September 1, 2006. These new provisions, which included the newly enacted Property Rights Protect Act, 26 Pa.C.S. §§201 – 207, sought to counteract *Kelo* and expand protections for condemnees by limiting the ability of governments to take private property for private use, reinforcing that a taking must be for a valid public use.

Act 34 also included the enactment of section 5527(a) of the Judicial Code, which imposed a new six-year statute of limitations on the filing of a petition for appointment of viewers after a declaration of taking has been filed. Act 34

---

[5] Act of June 22, 1964, Special Sess., P.L. 84, formerly 26 P.S. §§1-101 – 1-903.

9

specifically repealed the five-year statute of limitations on such filings set forth in former section 5526(a) of the Judicial Code. Further, as Appellants stress, section 6(1) of Act 34 stated that "this act shall apply to all condemnations effected on or after the effective date of this section" and section 5(5) of Act 34 stated that "[a]ll acts and parts of act are repealed insofar as they are inconsistent with this Act."

There can be no dispute that Act 34 does not explicitly reference section 19.2 of the URL, let alone expressly repeal or amend any URL provision, which would exhibit a legislative intention to diminish or alter a redevelopment authority's condemnation power or the manner in which property is condemned by such an authority. Nor do Condemnees point to any discussion of section 19.2 in the legislative history of Act 34. We must presume that the General Assembly was aware of the one-year statute of limitations set forth in section 19.2 relating to condemnations effectuated under the URL, to the exclusion of other limitations provisions relating to condemnations effectuated under the Code. *White v. Conestoga Title Insurance Company*, 53 A.3d 720, 731 (Pa. 2012) ("We are also to presume that the General Assembly is familiar with extant law when enacting legislation.") Indeed, section 19.2 begins by expressly stating that "[n]otwithstanding the provisions of 42 Pa.C.S. §5526(4) (relating to five year limitation) **or any other provision of law to the contrary**. . . ." 35 P.S. §1719.2 (emphasis added). Section 1921(a) of the Statutory Construction Act of 1972 (Statutory Construction Act) mandates that "[e]very statute shall be construed, if possible, to give effect to all of its provisions." 1 Pa.C.S. §1921(a).

In light of the lack of any express repeal of, or amendment to, section 19.2 of the URL in Act 34, Condemnees rely on an argument that Act 34 impliedly repealed section 19.2. However, as our Supreme Court has stated, "[i]t is a widely

10

recognized principle that repeals by implication are not favored and will not be permitted if there is any other reasonable construction, and that a law is not repealed by a later enactment if the two may be operative without repugnance to each other." *Hulsizer v. Labor Day Committee, Inc.*, 734 A.2d 848, 853 (Pa. 1999) (citation omitted). Certainly, section 19.2 of the URL can operate without such repugnance to section 5527(a) of the Judicial Code, just as it operated previously in conjunction with section 5526(4) of the Judicial Code.

Furthermore, our Supreme Court has held that "[e]ven where there is an express repeal in the later legislation of all acts inconsistent therewith, such provision is considered as an express recognition that those not inconsistent therewith remain in force." *HSP Gaming, L.P. v. City of Philadelphia*, 954 A.2d 1156, 1175 (Pa. 2008) (citations omitted). Section 19.2 of the URL is not inconsistent with Act 34. While Act 34 generally applies to all condemnations under the Code, the URL applies exclusively to redevelopment authorities and incorporates many, but not all, of the procedures set forth in the Code. In other words, section 19.2 of the URL applies to a very specific subset of condemnations, i.e., those effectuated by a redevelopment authority. In this regard, section 1933 of the Statutory Construction Act provides that:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

11

1 Pa.C.S. §1933. Again, as noted above, section 19.2 of the URL and the newly enacted section 5527(a) of the Judicial Code can co-exist, with effect given to both statutes. Even if the conflict between these two statutes was irreconcilable, the special provision, namely section 19.2 of the URL, would prevail as an exception to the general statute of limitations found in section 5527(a).

**Conclusion**

Because the one-year statute of limitations found in section 19.2 of the URL has not been expressly or impliedly repealed by Act 34, Condemnees' petitions for appointment of viewers, which were filed more than two years after the Authority's final payments of estimated just compensation, were untimely.

Accordingly, the order of the trial court sustaining the Authority's preliminary objections is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Condemnation by the Redevelopment   :
Authority of Fayette County of Certain   :
Land In Brownsville Borough, Fayette   :
County, Pennsylvania,   :
Being Property of:   :
  :
Alpha Financial Mortgage, Inc., its   :
Successors, assigns, or any other person   :
or Entity found to have interest in the   :
property   :
  :    No. 1541 C.D. 2015
v.   :
  :
Redevelopment Authority of   :
Fayette County   :
  :
Appeal of: Alpha Financial Mortgage, Inc.   :


In the Matter of:   :
Condemnation by the Redevelopment   :
Authority of Fayette County of Certain   :
Land in Brownsville Borough, Fayette   :
County, Pennsylvania, Being Property of:   :
Ernest E. Liggett and Marilyn Kostic Liggett:
  :    No. 2109 C.D. 2015
v.   :
  :
Redevelopment Authority of   :
Fayette County   :
  :
Appeal of: Alpha Financial Mortgage, Inc.,   :
Ernest E. Liggett and Marilyn Kostic   :
Liggett, The Brownsville Group, Ltd.   :
and Manor Investments, Ltd.   :

In the Matter of: : 
:
Condemnation by the Redevelopment :
Authority of Fayette County of Certain :
Land in Brownsville Borough, Fayette :
County, Pennsylvania, Being Property of: :
:
Brownsville Group, Ltd. :
: No. 2110 C.D. 2015
v. :
:
Redevelopment Authority of :
Fayette County :
:
Appeal of: Alpha Financial Mortgage, Inc., :
Ernest Liggett and Marilyn Kostik Liggett, :
The Brownsville Group, Ltd. and Manor :
Investments,Ltd. :

In the Matter of: Condemnation by the :
Redevelopment Authority of Fayette :
County of Certain Land in Brownsville :
Borough, Fayette County, Pennsylvania, :
being property of: :
:
Manor Investments, Ltd. :
: No. 2111 C.D. 2015
v. :
:
Redevelopment Authority of :
Fayette County :
:
Appeal of: Alpha Financial Mortgage, Inc., :
Ernest E. Liggett and Marilyn Kostik :
Liggett, The Brownsville Group, Ltd. and :
Manor Investments, Ltd. :

## *<u>ORDER</u>*

AND NOW, this 22nd day of December, 2016, the order of the Court of Common Pleas of Fayette County (trial court), dated July 29, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge