Opinion by
Judge Blatt,
Kenneth Callan appeals from the Court of Common Pleas of Montgomery County which affirmed an order of the Secretary of Transportation ( Secretary) revoking Callan’s driver’s license.
On the evening of January 3, 1973 Callan was arrested by the Abington Township Police and charged with driving under the influence of intoxicating liquor. Subsequently, the Secretary, pursuant to his authority under Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §624.1 (a), suspended Callan’s license for his refusal on that evening to submit to chemical breath analysis. The suspension was for six months from March 16, 1973 until September 16, 1973. On August 8, 1973 Callan pleaded guilty to the charge *639 of driving under the influence of intoxicating beverages. Thereupon the Secretary, pursuant to Section 616(a) (1) of The Vehicle Code, 75 P.S. §616 (a)(1) ordered that Callan’s license be revoked for a period of one year as of January 10, 1974 and so notified him. On appeal the Court of Common Pleas after a hearing affirmed the Secretary and Callan now appeals to this Court.
Section 616(a)(1) of The Vehicle Code, 75 P.S. §616(a)(1) in pertinent part provides:
“ (a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person:
Hi H< * *
“(1) Operating a motor vehicle or tractor while under the influence of intoxicating liquor, or any narcotic or habit producing drug, or permitting any person, who may be under the influence of intoxicating liquor or narcotic or habit producing drug, to operate any motor vehicle or tractor owned by him or in his custody or control.”
This provision clearly imposes a mandatory duty upon the Secretary to revoke the license of one who pleads guilty to the crime of operating a motor vehicle while under the influence of intoxicating liquor. Callan admits his guilty plea of August 8, 1973 but argues that the revocation unlawfully places him in double jeopardy. In support of his position, Callan cites Commonwealth v. Campana, 455 Pa. 622, 314 A.2d 854 (1974) which was an addendum to the Pennsylvania Supreme Court’s prior opinion in the same case, reported at 452 Pa. 233, 304 *640 A.2d 432 (1973).[1] The Supreme Court, by virtue of its supervisory power over state criminal proceedings, held in those cases that all criminal charges resulting from a single episode should be consolidated at one trial. We simply cannot, however, consider a license revocation as a criminal matter and, therefore, Campana can have no relevance to the case before us. Driver suspension and revocation proceedings must be considered civil in nature and, therefore, procedures which otherwise might invalidate a criminal conviction do not necessarily invalidate the revocation of one’s driver’s license. See Civitello v. Bureau of Traffic Safety, 11 Pa. Commonwealth Ct. 551, 315 A.2d 666 (1974).
In Upsey v. Secretary of Revenue, 193 Pa. Superior Ct. 466, 165 A.2d 267 (1960) the Superior Court considered a similar challenge. The licensee there argued that he was unconsitutionally placed in double jeopardy by being exposed to separate suspension and revocation procedures for the same offense, driving under the influence of intoxicating liquor. The court held there that it was not a violation of the licensee’s constitutional rights for the Secretary first to suspend his license under Section 618 of The Vehicle Code upon finding that he committed the offense and secondly, to revoke his license under Section 616 upon conviction. In that case the court sustained the validity of civil proceedings which unquestionably punished the licensee twice for the same identical offense.[2] In the present case the licensee’s argument is *641 much weaker. Here he has lost his license twice but for two different offenses: a), for his failure to take the breath analysis test and b) for his subsequent conviction on the charge of driving while under the influence of intoxicating liquor. We will not interfere with the wisdom of the legislative decision to be harsher on those who refuse to take the test and are subsequently convicted than on those who take the test and are also later convicted. Indeed, if we were to hold that the one who refused the test could not be treated more severely, the clear legislative intent to encourage drivers to take the test would obviously be thwarted.
We, therefore, affirm the lower court.

. On appeal the United States Supreme Court had vacated the 1973 judgment of the Pennsylvania Supreme Court and remanded to it to determine whether the judgment had been based on federal or state grounds, thus necessitating the 1974 addendum opinion in which the prior result was affirmed on state grounds.

. Section 616(a) presently provides that a driver whose license is suspended pursuant to Section 618 shall be credited with the suspension time served. The legislature apparently saw fit to amend the law to prevent double punishment for the same offense. But Section 616(a) provides for no such credit for suspension time served under Section 624.1(a).