James Michael Zanotto, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs May 2, 1984, to Judges ROGERS, CRAIG and COLINS, sitting as a panel of three.

*Anthony S. Federico, Jr.,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, June 6, 1984:

James Zanotto appeals from an order by the Dauphin County Common Pleas Court, which affirmed the Department of Transportation's five-year revocation of his driver's license under section 1542, the habitual offender provision, of the Motor Vehicle Code.[1]

We have been asked to decide if the habitual offender provision violates due process and the double jeopardy clause[2] of the Pennsylvania Constitution.

The record reveals that Mr. Zanotto committed the following offenses and suffered the following consequences under the Code:

| Code Violation | Date of Offense | Date of Conviction | DOT Action Taken |
|---|---|---|---|
| §3731[3] | 11-24-77 | 6-15-78 | 6-month suspension |
| §3731[4] | 5-12-82 | 9-29-82 | 6-month suspension |
| §3733[5] | 5-12-82 | 9-29-82 | 5-year revocation |

[1] 75 Pa. C. S. §1542.

[2] Pa. Const. art. I, §10.

[3] 75 Pa. C. S. §3731 (driving under influence of alcohol or controlled substance).

[4] *Id.*

[5] 75 Pa. C. S. §3733 (fleeing or attempting to elude police officer).

Mr. Zanotto contends that a *de novo* hearing in common pleas court does not satisfy due process, because at the time of his convictions, he was not informed of the ultimate consequences of multiple convictions, *i.e.*, the triggering of the habitual offender provision. We have recently held, however, that a *de novo* hearing adequately safeguards the notice and hearing requirements of due process. *Yeckley v. Commonwealth of Pennsylvania*, 81 Pa. Commonwealth Ct. 576, A.2d (1984). *Cf. Commonwealth v. Englert*, Pa. Superior Ct. , 457 A.2d 121 (1983) (the suspension of operating privileges is a collateral consequence, civil in nature, of a conviction; a trial court's failure to inform a defendant of a potential collateral consequence does not invalidate a guilty plea).

Mr. Zanotto also contends that the habitual offender provision violates the double jeopardy clause. We cannot agree. Driver suspension and revocation proceedings are remedial sanctions which are civil in nature, designed to protect the public from unsafe drivers; as such, they cannot be grounds for a double jeopardy challenge. *See Callan v. Bureau of Traffic Safety*, 19 Pa. Commonwealth Ct. 635, 637-38, 339 A. 2d 163, 164-65 (1975); *Commonwealth v. Abraham*, 7 Pa. Commonwealth Ct. 535, 536-37, 300 A.2d 831, 832 (1973); *See also, In Re Friedman*, 72 Pa. Commonwealth Ct. 274, 281 n.10, 457 A.2d 983, 987 n.10 (1983) (double jeopardy challenge to revocation of occupational license after criminal conviction).

Accordingly, we affirm.

## ORDER

Now, June 6, 1984, the order of the Court of Common Pleas of Dauphin County, dated May 10, 1983, dismissing the appeal of James Zanotto, is affirmed.