James F. Drogowski, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs October 10, 1985, to Judges MacPhail and Doyle, and Senior Judge Barbieri, sitting as a panel of three.

Neil Y. Siegel, for appellant.

Harold H. Cramer, Assistant Counsel, with him, Spencer A. Manthorpe, Chief Counsel, and Jay C. Waldman, General Counsel, for appellee.

Opinion by Judge Doyle, January 15, 1986:

James F. Drogowski (Appellant) appeals from the order of the Court of Common Pleas of Allegheny County which upheld the action of the Department of Transportation (Department) revoking Appellant's driver's license for a period of five years as a habitual offender under Section 1542 of the Vehicle Code (Code), 42 Pa. C. S. §1542.

On February 19, 1982, Appellant pled guilty to criminal charges arising from an incident which oc-

curred on September 21, 1981. As a result of Appellant's conviction of Driving under the influence of alcohol,[1] Driving without lights to avoid identification or arrest[2] and Fleeing or attempting to elude a police officer,[3] the Department revoked Appellant's driver's license for a period of five years under Section 1542 of the Vehicle Code. The court of common pleas upheld the Department's determination, and appeal to this court followed.

On appeal, Appellant contends that Section 1542 of the Vehicle Code is unconstitutional as applied to this factual situation in that it constitutes cruel and unusual punishment in violation of Article 1, Section 13 of the Constitution of the Commonwealth of Pennsylvania, and the 8th Amendment to the Constitution of the United States.

Section 1542 provides:

(a) General rule.—The department shall revoke the operating privilege of any person found to be a habitual offender pursuant to the provisions of this section. A 'habitual offender' shall be any person whose driving record, as maintained in the department, shows that such person has accumulated the requisite number of convictions for the separate and distinct offenses described and enumerated in subsection (b). . . .

(b) Offenses enumerated.—Three convictions arising from separate acts of any one or more of the following offenses committed either singularly or in combination by any person shall result in such person being designated as a habitual offender:

---

[1] Section 3731 of the Code, 75 Pa. C. S. §3731.
[2] Section 3734 of the Code, 75 Pa. C. S. §3734.
[3] Section 3733 of the Code, 75 Pa. C. S. §3733.

208

(1) Any offense set forth in Section 1532 (relating to revocation or suspension of operating privilege).[4]

Appellant contends that the revocation in the present case constitutes "cruel and unusual punishment" in view of the fact that the convictions giving rise to his revocation were all the result of a single incident, caused by Appellant's schizophrenia and alcohol addiction, for which he later received treatment.

It is well settled that the Constitutional limitation against cruel and unusual punishment referred to in Article 1, Section 13 of the Pennsylvania Constitution applies only in criminal cases. *Moselein v. State Board of Pharmacy,* 60 Pa. Commonwealth Ct. 574, 432 A.2d 295 (1981).[5] Since the suspension or revocation of a driver's license is a civil proceeding, *Callan v. Department of Transportation, Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 635, 339 A.2d 163 (1975), the constitutional limitation has no direct application. Appellant, however, cites *Moselein* and *Carr v. State Board of Pharmacy,* 48 Pa. Commonwealth Ct. 330, 409 A.2d 941 (1980), for the proposition that the *principle* embodied in the constitutional limitation against cruel and unusual punishment is applicable to *all* proceedings. While this "principle" is indeed applicable to all proceedings, its application to civil proceedings occurs only when the issue to be determined is whether an abuse of discretion has taken place. Thus, in *Moselein* and *Carr,* we applied the principle embodied in the constitutional limitation in reviewing whether the

---

[4] Section 1532 of the Code makes reference to Sections 3731, 3733 and 3734 of the Code, the Sections under which Appellant was convicted.

[5] The same result has been reached with respect to the 8th Amendment to the United States Constitution, *Zwick v. Freeman,* 373 F.2d 110 (2nd Cir.) (1967), *cert. denied,* 389 U.S. 835 (1967).

Board of Pharmacy's discretionary act of revoking a license was "inappropriately harsh", and therefore an abuse of discretion. In the present case, however, there was no discretionary action upon the part of the Department. The Department was *required* to revoke Appellant's license under the provisions of Section 1532 of the Code. Appellant's complaint, therefore, is not with the Department's exercise of discretion, but rather with the provisions of the statute itself. Although the principle relating to cruel and unusual punishment may be applied in a civil context, it does not itself rise to the level of a constitutional requirement in such context, and thus cannot give us the constitutional authority to inquire into the appropriateness of a civil sanction mandated by statute.

Appellant perceives his revocation as punitive only, and thus complains that his illness during the time of his offenses should be considered in mitigation of his punishment. It should be noted, however, that driver revocation proceedings are remedial sanctions and are civil in nature, designed to protect the public from unsafe drivers. *Zanotto v. Department of Transportation,* 83 Pa. Commonwealth Ct. 69, 475 A.2d 1375 (1984). Thus, the revocation is not so much punishment imposed upon Appellant for his level of culpability in the matter, as it is protection given to the public against Appellant's demonstrated unsafe driving habits. Indeed, health conditions such as those Appellant has alleged to suffer from can *themselves* justify the denial of a driver's license, regardless of whether the driver has committed an offense under the Code. *See* Section 1519 of the Code, 75 Pa. C. S. §1519.

Finally, Appellant's argument that he cannot be considered a "habitual offender" because his three convictions were all the result of a single episode is without merit. We have already considered this argument in *Reese v. Department of Transportation,* 71 Pa.

Commonwealth Ct. 244, 455 A.2d 232 (1983), and have concluded that the three separate and distinct offenses required under Section 1542 are not merged into a single act merely because the conduct occurred during one continuous episode. *Id.* at 247, 455 A.2d at 234.

For the foregoing reasons, we conclude that the court of common pleas did not err in affirming the Department's action revoking Appellant's driver's license. *See Yeckley v. Commonwealth,* 81 Pa. Commonwealth Ct. 576, 474 A.2d 71 (1984). Accordingly, we affirm the order of the court of common pleas which dismissed Appellant's appeal.

### ORDER

Now, January 15, 1986, the Order of the Court of Common Pleas of Allegheny County, No. S.A. 506 of 1982, dated October 22, 1982, is hereby affirmed.