## Commonwealth v. Hendricks

*A. Renee Smith, assistant district attorney,* for the Commonwealth.
*Michael E. Moyer,* for defendant.

McGINLEY, *J.,* December 29, 1995—Before the court is the defendant's motion to dismiss pursuant to the double jeopardy clauses of the Pennsylvania and United States Constitutions. The defendant, Daniel D. Hendricks, is charged with driving under the influence of alcohol[1] and possession of drug paraphernalia.[2]

From the record before us, we make the following findings of fact:

At approximately 3:40 a.m. on April 29, 1995, Officer W.R. Bryfogle, Macungie Borough Police Department, stopped the defendant's vehicle at Lumber and Lehigh

---

1. 75 Pa.C.S. §3731(a)(1).
2. 35 P.S. §780-113(a)(32).

Streets in Lehigh County. The defendant was transported to Lehigh Valley Hospital Center for the purpose of blood testing. At the hospital, the defendant refused to have blood extracted from his person.

Officer Bryfogle notified the Pennsylvania Department of Transportation of the defendant's refusal to submit to the blood test. Pursuant to section 1547(b) of the Vehicle Code, PennDOT notified the defendant that it was suspending his operating privilege for one year.[3] In response to this notice, the defendant sent his Pennsylvania operator's license to PennDOT. The defendant now faces the criminal charges set forth above.

In support of his motion to dismiss, the defendant contends that the suspension of his driving privilege constitutes punishment which was imposed in a proceeding separate from the present criminal prosecution. Further, the defendant argues that this criminal prosecution violates both federal and state double jeopardy clauses. We find no constitutional violations and therefore deny the motion to dismiss.

Both the United States and Pennsylvania Constitutions provide that no person shall, for the same offense, be twice put in jeopardy of life or limb. U.S. Constitution, Amendment V; Pa. Constitution, Article 1, Section 10. The double jeopardy clauses protect against a second prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711,

---

3. Section 1547(b) provides:

"If any person placed under arrest for a violation of section 3731 . . . is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months." 75 Pa.C.S. §1547(b).

717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). (citations omitted) The constitutional rights which protect a defendant from being subject to double jeopardy apply to criminal punishment. See *Helvering v. Mitchell,* 303 U.S. 391, 398-99, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938); *PennDOT v. Puchino,* 19 D.&C.4th 27, 28 (1993).

Upon review of the case law of this Commonwealth, it is clear that "license suspension is a collateral civil consequence of a criminal conviction," rather than a criminal penalty. *Commonwealth v. Duffey,* 536 Pa. 436, 440, 639 A.2d 1174, 1176 (1994), *cert. denied,* 115 S.Ct. 223 (1994). (citations omitted) Further, our courts have held that license suspensions are civil proceedings and "cannot be applied to constitutional provisions dealing with criminal prosecutions." *Puchino, supra* at 28-29, citing *Drogowski v. Commonwealth,* 94 Pa. Commw. 205, 503 A.2d 104 (1986), *alloc. denied,* 516 Pa. 619, 531 A.2d 1120 (1987) (holding cruel and unusual punishment provisions of the Pennsylvania Constitution cannot be applied to license revocation proceedings); *Callan v. Bureau of Traffic Safety,* 19 Pa. Commw. 635, 339 A.2d 163 (1975) (holding that the constitutional limitation regarding the double jeopardy provisions do not apply to license suspensions).

In *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the United States Supreme Court considered whether a civil sanction, in that case a monetary penalty, may constitute punishment for purposes of the federal double jeopardy clause. The *Halper* court held that this determination "requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve." *Id.* at 447-48, 109 S.Ct. at 1901. The court further explained that "a civil as well as a criminal

58

sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment." *Id.* at 448, 109 S.Ct. at 1901-1902.

Since *Halper* involved the imposition of a monetary penalty, that case is not determinative as to whether license suspension constitutes punishment. The courts of this Commonwealth, however, have addressed this issue. In *Zanotto v. PennDOT,* 83 Pa. Commw. 69, 475 A.2d 1375 (1984), the court found that license suspension proceedings are "remedial sanctions which are civil in nature, designed to protect the public from unsafe drivers." *Id.* at 71, 475 A.2d at 1376. (citations omitted) In addition, the suspension of a driver's license does not constitute the loss of a property right since driving is a privilege, not a right. We conclude, therefore, that license suspension is a remedial, not punitive, sanction.

Even if it were assumed that license suspension is a criminal punishment, which we do not concede, the principles of double jeopardy have not been violated by the present criminal prosecution. The test to determine whether the protections against second prosecutions or multiple punishments for the same offense have been violated was set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Blockburger,* the Supreme Court held that:

"where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. (citations omitted)

In the case at bar, the statutory provisions involved each contain elements which the others do not and thus, are three separate transactions. We conclude that prosecution of the driving while under the influence

and possession of drug paraphernalia charges is not barred by the previous license suspension for refusal to submit to a blood test.

Based on the present state of the law of this Commonwealth, we hold that license suspension does not constitute punishment, but is a civil collateral consequence for refusal to submit to a blood test, and cannot be grounds for a double jeopardy challenge. Therefore, the defendant's motion to dismiss is denied.

## ORDER

Now, December 29, 1995, upon consideration of the defendant's motion to dismiss filed December 6, 1995, the argument of counsel, and for the reasons stated in the accompanying opinion, it is ordered that the defendant's motion is hereby denied.