**G. Paul FLEETWOOD, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted May 31, 1996.

Decided Sept. 23, 1996.

---

of Common Pleas of Westmoreland County (trial court) denying his appeal of the suspension of his operating privileges for six months. The question presented for review is whether the suspension of operating privileges imposed upon Petitioner by the Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to Section 1532(c) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1532(c),[1] violates the Double Jeopardy Clause of the United States and Pennsylvania Constitutions.

In 1995, Petitioner pleaded guilty to the possession of marijuana, a controlled substance found in his automobile, and was sentenced to 30 days' probation. Upon receipt of a certified record of Petitioner's conviction, DOT notified Petitioner that his operating privileges would be suspended for six months pursuant to Section 1532(c)(1). Petitioner's appeal of his suspension was denied by the trial court. This Court's scope of review of the trial court's order is limited to determining whether Petitioner's constitutional rights were violated, whether an error of law was committed and whether the necessary findings are supported by substantial evidence. *Henderson v. Department of Transportation,* 123 Pa.Cmwlth. 1, 553 A.2d 105 (1989).

John A. Knorr, for Appellant.

William A. Kuhar, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In-Charge, for Appellee.

Before SMITH and PELLEGRINI, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

■ G. Paul Fleetwood (Petitioner) appeals the October 20, 1995 order of the Court

■ Petitioner contends that in light of the United States Supreme Court ruling in *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), DOT's suspension of Petitioner's operating privileges constitutes double jeopardy in violation of his federal and state constitutional rights.[2] Petitioner asserts that, pursuant to *Kurth Ranch,* a violation of the Double Jeopardy Clause can be determined only upon an assessment of the character of the actual sanctions imposed on the defendant. Petitioner maintains that

1. Under Section 1532(c) of the Vehicle Code, DOT is authorized to suspend the operating privileges of any person convicted of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, the Commonwealth or any other state in the union.

2. Petitioner relies on the guarantees provided by the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution. However, Article 1, § 10 of the Pennsylvania Constitution provides no greater protection than the Fifth Amendment. *Commonwealth v. Tabb,* 491 Pa. 372, 421 A.2d 183 (1980), *cert. denied,* 450 U.S. 1000, 101 S.Ct. 1708, 68 L.Ed.2d 202 (1981).

the focus of such inquiry is whether the sanction at issue may be characterized as a deterrent or retribution and cannot be fairly characterized as a remedial measure. According to Petitioner, his suspension represents an additional punishment imposed for the same crime for which he has already been punished, and because a license suspension is intended to punish a licensee and to deter future offenses, it does not serve a remedial purpose.

In *Kurth Ranch*, the commission of a crime was a precondition to the imposition of an administrative penalty, i.e., the assessment of an illegal drug tax by the Department of Revenue of Montana on the cultivated marijuana products and by-products involved in the criminal case against the Kurths. The Montana drug tax law imposed the tax only on persons charged with criminal conduct. The Supreme Court determined that the tax was motivated by a penal and prohibitory intent as opposed to that of generating revenue and concluded that the drug tax proceeding was the functional equivalent of a successive criminal prosecution and barred the tax. *Kurth Ranch* is inapplicable to the circumstances in the case sub judice because the civil license suspension is not designed as additional punishment for criminal conduct.

In *Zanotto v. Department of Transportation*, 83 Pa.Cmwlth. 69, 475 A.2d 1375, 1376 (1984), this Court determined that "[driver's license] revocation proceedings are remedial sanctions which are civil in nature, designed to protect the public from unsafe drivers; as such, they cannot be grounds for a double jeopardy challenge." This Court has also held that the automatic suspension of a driver's license as a consequence of a drug conviction does not violate the Double Jeopardy

Clause even if the conviction and the suspension do not occur at the same time. *Martin v. Department of Transportation, Bureau of Driver Licensing*, 672 A.2d 397 (Pa.Cmwlth. 1996).[3]

In an en banc decision in *Krall v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 63 (1996), this Court laid to rest the question of whether a civil license suspension following a criminal conviction for driving under the influence constitutes double jeopardy. Citing *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), this Court concluded that the fact that a sanction may indirectly deter future criminal conduct does not preclude a determination by the court that the sanction is a remedial one. Furthermore, in *Drogowski v. Commonwealth*, 94 Pa.Cmwlth. 205, 503 A.2d 104 (1986), *appeal denied*, 516 Pa. 619, 531 A.2d 1120 (1987), the Court held that license revocation proceedings are civil remedial sanctions designed to protect the public from unsafe drivers. After examining state and federal case law, this Court concluded in *Krall* that DOT's suspension of the licensee's operating privileges following his conviction for DUI did not violate the Double Jeopardy Clause of the United States Constitution. Accordingly, Petitioner's contention that DOT violated his rights against double jeopardy is rejected.

Petitioner further argues that because his license is an essential component to the continuation and functioning of his livelihood, the suspension of his license constitutes a draconian measure. The Supreme Court has recognized that remedial sanctions imposed as a civil penalty can "carry the sting of punishment." *Halper*, 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7 (citing *United States ex*

---

The Double Jeopardy Clause protects against a second prosecution for the same offense after an acquittal, against a second prosecution for the same offense after a conviction and against multiple punishments for the same offense. *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). Petitioner, in the case sub judice, claims protec-

tion under the third category, i.e., against multiple punishments for the same offense.

**3.** Petitioner's argument that the time differential between the date of his conviction and the date that the suspension of his operating privileges was imposed negates any remedial component to DOT's action is also without merit as noted by the Court in *Martin*.

*rel. Marcus v. Hess,* 317 U.S. 537, 551, 63 S.Ct. 379, 387–88, 87 L.Ed. 443 (1943)). Because the suspension of Petitioner's operating privileges is a remedial action, the notion of balancing the punishment with the offense does not apply. The trial court's order is affirmed, and DOT's suspension of Petitioner's operating privileges is hereby reinstated.

## ORDER

AND NOW, this 23rd day of September, 1996, the order of the Common Pleas Court of Westmoreland County is affirmed, and the suspension of G. Paul Fleetwood's operating privileges is hereby reinstated.