Nancy S. URCIUOLO, Appellant,

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted Sept. 27, 1996.
Decided Oct. 28, 1996.

Matthew R. Gover, Harrisburg, for Appellant.

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, for Respondent.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Nancy S. Urciuolo (Licensee) appeals from a decision of the Court of Common Pleas of Dauphin County (trial court) that sustained the Department of Transportation's (Penn-DOT) suspension of her operating privileges under Section 1532(c) of the Vehicle Code.[1]

■ The facts of this case are not in dispute. Licensee was charged with forging prescriptions to obtain Hydrocodone APAP and other controlled substances on numerous dates between March 28, 1994 and January 11, 1995. On May 18, 1995, Licensee pleaded guilty to those charges and was sentenced to twenty-three and one-half months of probation. On July 20, 1995, PennDOT notified Licensee that, as a result of her guilty pleas, her operating privileges were being suspended for a period of six months under Section 1532(c) of the Vehicle Code. Licensee appealed her license suspension to the trial court, contending that it constituted double jeopardy since she had already been convicted and sentenced to probation for her criminal conduct. The trial court denied Licensee's appeal and affirmed PennDOT's suspension order. Licensee now appeals to this Court.[2]

■ Licensee contends that the suspension of her operating privileges violates the Double Jeopardy Clauses of both the United States and the Pennsylvania Constitutions. Citing to United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), Licensee argues that the license suspension is not solely remedial in purpose, but instead, serves as punishment. Because she had already been sentenced to probation for forging prescriptions for controlled substances, Licensee argues, the imposition of a license suspension constitutes a second punishment for the same offense in violation of her constitutionally protected right to be free from double jeopardy.

■ The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb. . . ." In other words, the Double Jeopardy Clause prohibits the imposition of multiple punishments for the same offense. Sweeny v. State Board of Funeral Directors, 666 A.2d 1137 (Pa. Cmwlth.1995). Generally, however, the Double Jeopardy Clause does not preclude the imposition of a civil penalty for conduct for which a criminal conviction has already been obtained. LWB v. Sosnowski, 117 Pa. Cmwlth. 120, 543 A.2d 1241 (1988).

■ The applicability of the Double Jeopardy Clause in civil proceedings has been addressed by the United States Supreme Court in United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). In that case, the Supreme Court held that the that issue of whether a civil penalty violates the Double Jeopardy Clause is resolved, not by looking to the terms given to the penalty by the relevant legislation, but rather, "only by assessing the character of the actual sanctions imposed." Halper at 447, 109 S.Ct. at 1901. To determine whether a violation of double jeopardy has occurred, a court must make a "particularized

---

1. Section 1532(c) provides that:

 The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the law of the United States, this Commonwealth or any other state.

 75 Pa.C.S. § 1532(c).

2. Our scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence, whether the trial court committed an error of law, or whether the trial court violated Licensee's constitutional rights. Dardozzi v. Department of Transportation, Bureau of Driver Licensing, 660 A.2d 205 (Pa. Cmwlth.1995).

assessment of the penalty imposed and the purposes that the penalty may be fairly said to serve." *Id* at 448, 109 S.Ct. at 1901. The sanction or penalty must bear a rational relationship to the government's goal, and a defendant may not be subject "to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1902.

 Under *Halper,* therefore, in ruling on a double jeopardy challenge, this Court is required to determine the purposes served by the revocation of a driver's operating privileges. As courts of this Commonwealth have observed on repeated occasions, a license suspension is a collateral consequence of a criminal conviction, not a criminal penalty, that bears a rational relationship to a legitimate government interest. *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994), *cert. denied,* ── U.S. ──, 115 S.Ct. 223, 130 L.Ed.2d 149 (1994); *Plowman v. Department of Transportation, Bureau of Driver Licensing,* 535 Pa. 314, 635 A.2d 124 (1993); *Frantz v. Department of Transportation, Bureau of Driver Licensing,* 168 Pa. Cmwlth. 35, 649 A.2d 148 (1994). The suspension of one's operating privileges is a remedial sanction that is civil in nature and is designed to protect the public from unsafe drivers. *Fleetwood v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 1342 (Pa.Cmwlth.1996); *Krall v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 63, (Pa.Cmwlth.1996); *Zanotto v. Department of Transportation,* 83 Pa.Cmwlth. 69, 475 A.2d 1375 (1984). Being civil in nature and serving a remedial purpose, therefore, license suspensions cannot provide the grounds for a double jeopardy challenge. *Fleetwood.* Consequently, this

Court must reject Licensee's argument that the revocation of her operating privileges following her sentencing for possessing controlled substances violated the Double Jeopardy Clause of the United States Constitution.[3]

Accordingly, the order of the trial court affirming PennDOT's suspension of Licensee's operating privilege is affirmed.

### ORDER

AND NOW, this 28th day of October, 1996, the order of the Court of Common Pleas of Dauphin County at No. 3600 S 1995, dated July 24, 1996, is affirmed.

---

**3.** Even if we were to recognize that the suspension of Licensee's operating privileges constituted punishment, we would nevertheless reject her double jeopardy argument. In order for double jeopardy protections to be triggered, the government must seek the civil penalty in a second proceeding. As stated by the Supreme Court in *Halper:*

> Since a *legislature* may authorize cumulative punishment under two statutes for a single course of conduct, the multiple-punishment inquiry in the context of a single proceeding

focuses on whether the legislature actually authorized the cumulative punishment.
490 U.S. at 451 n. 10. Because the General Assembly has specifically authorized the *automatic* suspension of operating privileges when one has been convicted of possessing a controlled substance, it does not occur in a separate proceeding, and therefore, does not raise double jeopardy concerns. *Martin v. Department of Transportation, Bureau of Driver Licensing,* 672 A.2d 397 (Pa.Cmwlth.1996).