**Christopher Scott BICKERT, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 28, 1996.

Decided Feb. 4, 1997.

Stuart Wilder, Doylestown, for appellant.

Timothy P. Wile, Assistant Counsel Incharge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellee.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

Christopher Scott Bickert (Bickert) appeals from a November 28, 1995, order of the Court of Common Pleas of Bucks County (trial court), which dismissed his appeal from a one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to Section 1532(b)(3) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1532(b)(3).[1] We affirm.

On December 21, 1994, Bickert was arrested and charged with driving under the influence (DUI). On August 16, 1995, Bickert was subsequently convicted and sentenced to imprisonment for a period of thirty days-to-twelve months, fined and ordered to pay costs. On August 21, 1995, the clerk of courts for the Court of Common Pleas of Montgomery County certified Bickert's DUI conviction to DOT. DOT subsequently notified Bickert that his operating privilege was being suspended for a one-year period, as mandated by Section 1532(b)(3) of the Vehi-

---

**1.** This section, in pertinent part, mandates DOT to "suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance)...."

cle Code, as a consequence of his August 16, 1995, DUI conviction.

█ Bickert appealed this suspension to the trial court, raising as the sole issue that the imposition of the one-year suspension violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution[2] and art. I, § 10 of the Pennsylvania Constitution. After a November 28, 1995, *de novo* hearing, the trial court dismissed Bickert's statutory appeal and directed DOT to reinstate Bickert's one-year suspension. Bickert now appeals to this court.[3]

█ On appeal, Bickert argues that the trial court erred in dismissing his appeal because the suspension of his operating privileges violates the Double Jeopardy Clause and art. I, § 10 of the Pennsylvania Constitution by punishing him twice for the offense of driving under the influence.[4] Bickert argues that, under *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), the United States Supreme Court held that forfeitures of real property resulting from drug crimes are punishment and, therefore, this holding compels the conclusion that a driver license suspension is barred by the Double Jeopardy Clause.

Bickert's reliance on *Kurth Ranch* is misplaced. Indeed, in *Fleetwood v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 1342 (Pa.Cmwlth.1996), this court held that *Kurth Ranch* is inapplicable in circumstances such as those presented by Bickert, because a civil license suspension is not designed as additional punishment for criminal conduct. Additionally, the issue raised here by Bickert is identical to one of the issues addressed by this court, *en banc*, in *Krall v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 63 (Pa.Cmwlth.1996). The *Krall* court held that a driver license suspension following conviction for DUI is a remedial sanction which is designed to protect the public from unsafe drivers. Therefore, it cannot be grounds for a double jeopardy challenge. *Zanotto v. Bureau of Driver Licensing, Department of Transportation*, 83 Pa.Cmwlth. 69, 475 A.2d 1375 (1984).

Moreover, this court previously held that the automatic impositions of license suspensions by DOT under Section 1532(c) of the Vehicle Code, following DOT's receipt of certifications of drug act convictions, do not constitute separate proceedings for double jeopardy purposes. *Martin v. Department of Transportation, Bureau of Driver Licensing*, 672 A.2d 397 (Pa.Cmwlth.1996). While a license suspension automatically flows from the criminal conviction, and the conviction and the suspension do not necessarily occur at the same time, both clearly result from one undertaking. *Id.*

We hold that the trial court's findings are supported by substantial evidence, and that the trial court committed neither an error of law nor an abuse of discretion.

Accordingly, the November 28, 1995, order of the trial court, dismissing Bickert's appeal and reinstating the suspension of his operating privilege, is affirmed.

### ORDER

NOW, February 4, 1997, the November 28, 1995, order of the Court of Common Pleas of Bucks County, No. 95–07353–17–6, is affirmed.

---

**2.** This clause states that "[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V.

**3.** This court's standard of review is limited to determining whether the trial court's findings are supported by substantial evidence, whether the trial court erred as a matter of law, or whether the trial court manifestly abused its discretion. *Department of Transportation, Bureau of* *Driver Licensing v. Moss*, 146 Pa.Cmwlth. 330, 605 A.2d 1279 (1992), *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992).

**4.** The Double Jeopardy Clause was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).