# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodman C. Thompson, Jr.,     :
            Appellant     :
                         :
         v.              :   No. 139 C.D. 2018
                         :   Submitted: July 6, 2018
Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Bureau of Driver Licensing      :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: August 16, 2018**

       Rodman C. Thompson, Jr. (Licensee), representing himself, appeals an order of the Court of Common Pleas of Clearfield County[1] (trial court) denying his statutory appeal of an indefinite suspension of his driving privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department), pursuant to 75 Pa. C.S. §1533 (relating to suspension of driving privilege for failure to respond to a citation). The Department's notice of suspension advised Licensee that his driving privilege would be suspended if he did not make regular payments on a citation issued for a violation of 75 Pa. C.S. §1301 (expired registration). Licensee raises numerous challenges primarily disputing the validity of his underlying summary conviction. Licensee also asserts the trial court's appeal hearing violated his constitutional rights and amounted to extortion by the Department and the courts. Upon review, we affirm.

---

[1] The Honorable Frederic J. Ammerman, President Judge, presided.

## I. Background

In May 2016, Licensee drove his son's 1994 Ford F-150 pickup truck to a garage in Emporium, in neighboring Cameron County, to find out what it needed to pass inspection. The truck's inspection sticker remained valid through the end of May 2016. However, unbeknownst to Licensee, the registration lapsed at the end of March 2016.

In addition, the truck's fuel gauge did not work. Unfortunately, the truck ran out of gas on an Emporium street. A Pennsylvania State Police trooper arrived on the scene and helped push the truck out of the roadway. The trooper cited Licensee for operating the truck with an expired registration. On July 12, 2016, Magisterial District Judge Barry D. Brown in Cameron County (Cameron MDJ) held a hearing on the citation and found Licensee guilty of the summary offense.

In December 2016, the Department mailed Licensee a notice of suspension advising him that his driving privilege would be suspended effective in early January 2017 for his failure to make regular payments on fines, costs and restitution totaling $129.48 for the citation. The notice informed Licensee that he would not be able to drive a motor vehicle in Pennsylvania until the Department restored his driving privilege.

Of significance, Licensee filed a timely statutory appeal of the suspension in the Court of Common Pleas of the 59th Judicial District, Cameron County Branch (Cameron County Court), which is the county where the citation was issued and where he was found guilty of the summary offense. However, because

2

Licensee resides in Curwensville, Clearfield County, the Cameron County Court transferred the case to the trial court in Clearfield County on venue grounds.

In May 2017, the trial court in Clearfield County held a hearing on Licensee's appeal of his license suspension. At the hearing, the Department explained that it suspended Licensee's driving privilege based on his failure to pay the fine on his traffic citation. Licensee told the court that the basic issue in his appeal was whether the Cameron MDJ acted in a manner inconsistent with due process, which thereby rendered the Cameron MDJ judgment void. The trial court informed Licensee that he could not challenge his criminal conviction in a civil license suspension proceeding. However, the trial court advised Licensee that he could file a summary appeal *nunc pro tunc* (late appeal by permission) in the Cameron County Court. Accordingly, the trial court continued the license suspension hearing until August 2017. The trial court also explained to Licensee that he would get his license back if he went to the Cameron MDJ and paid the outstanding fines and costs on the citation.

Nonetheless, Licensee filed a separate civil lawsuit against the Department and other defendants including the Cameron MDJ and four state troopers working in the Emporium area. See Original Record (O.R.), Item No. 7. Licensee set forth several constitutional violations including an allegation that the Vehicle Code, 75 Pa. C.S. §§101-9805, violated his basic right to travel. Licensee further asserted claims against the Department and four state troopers for fraud, harassment and extortion. In addition, Licensee alleged the Cameron MDJ obstructed justice by various means and the Cameron MDJ lacked judicial authority

3

to enforce traffic citations. The trial court transferred Licensee's complaint to the Cameron County Court.

In August 2017, the trial court in Clearfield County reconvened the license suspension hearing. At this hearing, the trial court refused to consider Licensee's motion to vacate the Cameron MDJ's judgment. See O.R., Tr. Ct. Hr'g, Notes of Testimony (N.T.), 8/2/17, at 2-3. In particular, the trial court dictated an order stating it did not have jurisdiction to vacate a summary traffic conviction from an MDJ's office in a neighboring county. Id. at 5-6. The trial court again advised Licensee to petition for a summary appeal *nunc pro tunc* in the Cameron County Court. Id. at 4-5. In particular, the court explained that the Cameron County Court may or may not allow him to appeal the traffic conviction *nunc pro tunc*. Id. at 4. The trial court continued the suspension hearing for another three months.

In December 2017, the trial court in Clearfield County again reconvened the suspension hearing. The Department submitted its documentary evidence, including Licensee's driving record showing his summary violation and notice of suspension for failure to make regular payments on the $129.48 in fines, costs and restitution on the citation issued in May 2016. See N.T., 12/14/17, at 9; Defendant's (Commonwealth) Ex. No. 1. At this hearing, Licensee explained that Cameron County Court President Judge Richard A. Masson dismissed his petition for a summary appeal *nunc pro tunc*. Licensee also requested that the trial court "strike off" the Cameron MDJ judgment as void based on the fact the Cameron MDJ acted in a manner inconsistent with due process. See N.T., 12/14/17, at 7. The trial court in Clearfield County responded that it did not have the authority to strike the

4

Cameron MDJ's order.[2]  Id.  Consequently, the trial court dismissed Licensee's suspension appeal.  Id.  Licensee appeals.[3]

## II. Discussion

### A. Judicial Review in License Suspension Appeals (Generally)

Initially, we note, Licensee's Statement of Questions is divided into issues raised in his notice of appeal and issues raised in his motions before the trial court to vacate judgment, strike off judgment, reconsider, and addendum to motion to reconsider.  Notably, the vast majority of issues raise legal and constitutional challenges to the proceedings in which the Cameron MDJ found Licensee guilty of the summary offense of driving with an expired registration.

It is well-settled that a licensee may not collaterally attack his underlying criminal conviction in a civil license suspension appeal.  Bell v. Dep't of Transp., Bureau of Driver Licensing, 96 A.3d 1005, 1019 (Pa. 2014) (suspension of driving privilege is a "civil sanction wholly unrelated to [a licensee's] appeal of the criminal conviction"); Commonwealth v. Duffey, 639 A.2d 1174, 1177 (Pa. 1994), cert. denied, 513 U.S. 884 (1994) ("scope of review of an operating privilege

---

[2] Licensee later filed a separate "Motion to Strike Off Judgment."  O.R., Item #15.  The trial court denied Licensee's motion in an order filed December 18, 2017.  Id., Item #18.  In its order, the trial court noted that it clearly lacked jurisdiction to entertain Licensee's claims and challenges for alleged injustices that occurred in Cameron County.

[3] Our review in a license suspension appeal is limited to determining whether the trial court's necessary findings of fact were supported by substantial evidence and whether the trial court committed an error of law or otherwise abused its discretion.  Dep't of Transp., Bureau of Traffic Safety v. O'Connell, 555 A.2d 873 (Pa. 1989); Marchese v. Dep't of Transp., Bureau of Driver Licensing, 169 A.3d 733 (Pa. Cmwlth. 2017), appeal denied, 182 A.3d 442 (Pa. 2018).

5

suspension which resulted from a criminal conviction does not include the authority to attack the validity of the underlying conviction").

In an appeal from a Department suspension, a trial court must limit itself to determining whether the conviction occurred "and may not entertain a collateral attack on the validity of the underlying conviction." Dick v. Dep't of Transp., Bureau of Driver Licensing, 3 A.3d 703, 709 (Pa. Cmwlth. 2010). In other words, the "trial court may not conduct any inquiry into whether the licensee *should* have been convicted." Id. (emphasis by underline added). Therefore, the circumstances of Licensee's criminal conviction are beyond this Court's review. Bell; Duffey; Dick.

Consequently, as the trial court in Clearfield County properly explained to Licensee, the only means to challenge an underlying conviction is to seek post-conviction relief in the criminal proceeding such as a summary appeal *nunc pro tunc*. Duffey; Ray v. Dep't of Transp., 821 A.2d 1275 (Pa. Cmwlth. 2003). Thus, the validity of Licensee's summary criminal conviction in Cameron County is beyond this Court's appellate review in a civil license proceeding. Bell; Duffey; Dick; Ray. With these principles in mind, we review Licensee's issues.

### B. Issues Raised in Licensee's Notice of Appeal

Licensee asserts he raised the following issues in his notice of appeal: (1) whether the Cameron MDJ's guilty verdict amounted to a void judgment; (2) whether the suspension of Licensee's driving privilege amounted to extortion, harassment, an unlawful bill of attainder, or other unconstitutional acts, including the denial of his right to a trial by jury; (3) whether the Cameron MDJ's refusal to

6

consider Licensee's evidence at the July 2016 hearing constituted unlawful conduct and a violation of Licensee's due process rights; and (4) whether the Cameron MDJ's refusal to consider Licensee's evidence at the July 2016 hearing deprived the Cameron MDJ of jurisdiction and thus rendered his guilty verdict/judgment void. See Appellant's Br. at 11.

**C. Issues Raised in Motion to Vacate Judgment, Motion to Strike Off Judgment, Motion to Reconsider and Addendum to Motion to Reconsider**

In his motions before the trial court in Clearfield County, Licensee raised numerous other legal and constitutional claims, including an attack on the validity of the entire Vehicle Code as an abridgment of his constitutional right to travel. See Appellant's Br. at 11-14. In particular, Licensee contended Section 1301 of the Vehicle Code, 75 Pa. C.S. §1301, under which he was convicted for driving with an expired registration, is unconstitutionally vague and constitutes a bill of attainder.

In these motions, Licensee raised numerous challenges attacking his underlying summary conviction by the Cameron MDJ. In addition, Licensee asserted the trial court in Clearfield County, acting in concert with the Cameron County Court, engaged in extortion, harassment, fraud and theft in violation of state criminal conspiracy and corrupt organizations laws (18 Pa. C.S. §§903, 911) and federal racketeering and corruption laws (18 U.S.C. §§1503, 1961, 1962). Essentially, Licensee claimed the trial court conspired with the Cameron County Court by not addressing Licensee's challenges to the Cameron MDJ judgment and by "stampeding" Licensee into paying fines and costs in order to preserve the courts' "cash cow" enterprise. See Appellant's Br. at 12. Licensee further contended the

7

trial court engaged in various acts or omissions which constituted an obstruction of justice, an abuse of official authority, a breach of official duties and a violation of the oath to uphold the U.S. and Pennsylvania Constitutions. Id. at 12-14.

Licensee raises these issues again on appeal.

### D. Analysis
### 1. Trial Court Proceeding

All but one of the issues Licensee asserts he raised in his notice of appeal involve challenges to the validity of his underlying summary conviction by the Cameron MDJ. As discussed above, in a civil license suspension proceeding, a trial court may not entertain a collateral attack on the validity of a licensee's underlying conviction. Bell; Duffey; Dick. Therefore, the trial court, in refusing to address Licensee's challenges to the summary conviction underlying the Department's suspension of his driving privilege, complied with the applicable case law. It limited its review to whether the Department's certified records were accurate and whether it properly suspended Licensee's driving privilege for failing to pay the fine for the citation. Dick; Hackney v. Dep't of Transp., Bureau of Driver Licensing (Pa. Cmwlth., Nos. 2155-2159 C.D. 2013, filed July 17, 2014) (unreported).[4]

Consequently, the only issue related to Licensee's notice of appeal which is capable of review is whether the Department lawfully suspended Licensee's

---

[4] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), "an unreported panel decision of this [C]ourt issued after January 15, 2008, [may be cited] for its persuasive value, but not as binding precedent." See Wilson v. Pa. Bd. of Prob. & Parole, 124 A.3d 767 (Pa. Cmwlth. 2015).

driving privilege. The Department's notice of suspension, properly admitted into evidence before the trial court, indicates that the Department suspended Licensee's driving privilege for his failure to make regular payments on the $129.48 in fines, costs and restitution for the May 2016 citation. In particular, the Department imposed an indefinite suspension of Licensee's driving privilege under 75 Pa. C.S. §1533(a) and (d) (relating to suspension of operating privilege for failure to respond to citation), which provides (with emphasis added):

> **(a) Violations within Commonwealth.**—The [D]epartment shall suspend the operating privilege of any person who has failed to respond to a citation or summons to appear before an issuing authority or a court of competent jurisdiction of this Commonwealth for any violation of this title, other than parking, or who has failed to pay any fine, costs and restitution imposed by an issuing authority or such courts for a violation of this title, other than parking, upon being duly notified by an issuing authority or a court of this Commonwealth.

> \* \* \* \*

> **(d) Period of suspension.**—The suspension shall continue until such person shall respond to the citation, summons or writ, as the case may be, and pay all fines, restitution and penalties imposed or enter into an agreement to make installment payments for the fines, restitution and penalties imposed provided that the suspension may be reimposed by the [D]epartment if the defendant fails to make regular installment payments and, if applicable, pay the fee prescribed in section 1960 (relating to reinstatement of operating privilege or vehicle registration).

Here, the Department's certified documents submitted into evidence include a record of Licensee's summary conviction. See Supplemental Reproduced

9

Record (S.R.R.) at 18b. The record of conviction shows the Cameron MDJ notified the Department in December 2016 of Licensee's violation of 75 Pa. C.S. §1301, which occurred in May 2016. Id. The record also specified that Licensee owed $129.48 for the citation. Id. As such, the Department's certified documents established its *prima facie* case for the suspension of Licensee's driving privilege. Schaeffer v. Dep't of Transp., 548 A.2d 714 (Pa. Cmwlth. 1988).

As such, the burden shifted to Licensee to demonstrate by clear and convincing evidence that the Department's records were erroneous or that the suspension was not merited under the applicable statute. Dick; Hackney. "Clear and convincing evidence is the highest standard in the civil system." Dick, 3 A.3d at 711. Here, Licensee presented no evidence that the Department's records were erroneous or that he paid or entered into an installment plan to pay the fine and costs for the citation. To the contrary, Licensee acknowledged he did not pay the fine. Accordingly, Licensee failed to rebut the Department's *prima facie* case for the suspension. Dick. Therefore, the trial court properly denied Licensee's suspension appeal. Duffey; Dick.

### 2. Constitutionality of License Suspension Proceedings

In his initial notice of appeal of his license suspension filed in Cameron County Court and transferred to the trial court in Clearfield County, Licensee asserted: "[Licensee] believes and avers the suspension of driving privilege is an extortionate means, an unlawful bill of attainder, act of harassment and void

10

unconstitutional act ...." O.R., Item No. 1 (Notice of Appeal, filed January 17, 2017). However, at the three appeal hearings before the trial court, Licensee never raised the extortion, harassment or bill of attainder issues. Therefore, we hold Licensee waived these issues. See Park v. Commonwealth, 178 A.3d 274 (Pa. Cmwlth. 2018) (licensee waived constitutional challenge by failing to raise it during the appeal hearing); Campbell v. Dep't of Transp., Bureau of Driver Licensing, 86 A.3d 344 (Pa. Cmwlth. 2014) (licensee has a duty to preserve an issue at every stage of the proceeding; licensee waived challenge to validity of the implied consent warning given by failing to raise that issue at the appeal hearing).

Licensee further contends the Vehicle Code and its license suspension provisions amount to an abridgment of his constitutional right to travel.[5] Licensee briefly raised these issues at the trial court's May 2017 hearing. See N.T., 5/18/17, at 7-8. In Commonwealth v. Funk, 186 A. 65 (Pa. 1936), our Supreme Court upheld the constitutionality of the Vehicle Code and its provisions imposing revocations and suspensions for certain violations. The Court recognized that the plenary power of the General Assembly over Commonwealth highways is of ancient standing. In England, highways were historically considered the property of the King. In modern Pennsylvania, highways are the property of the Commonwealth. Id. The right to use Commonwealth roads or highways for travel is not unrestricted. Id. Rather, it is within the police power of the Commonwealth, acting through the General Assembly, to direct the conditions under which one may use Commonwealth roads

---

[5] The constitutional right to travel from one state to another is encompassed by the Privileges and Immunities Clause of Article IV, Section 2 of the U.S. Constitution and the Privileges and Immunities Clause of the Fourteenth Amendment. See Wert v. Dep't of Transp., Bureau of Driver Licensing, 821 A.2d 182 (Pa. Cmwlth. 2003).

11

and highways, and to regulate the manner and circumstances under which automobiles may be operated upon them. Id. With respect to the nature of a licensee's driving privilege, the Court reasoned (with emphasis added):

> The permission to operate a motor vehicle upon the highways of the [C]ommonwealth is not embraced within the term civil rights, nor is a license to do so a contract or a right of property in any legal or constitutional sense. Although the privilege may be a valuable one, it is no more than a permit granted by the state, its enjoyment dependent upon compliance with the conditions prescribed by it, and subject always to such regulation and control as the state may see fit to impose.

Funk, 186 A. at 67-68.

Thereafter in Commonwealth v. Jenner, 681 A.2d 1266 (Pa. 1996), our Supreme Court reiterated the well-settled principle that in Pennsylvania, driving is a privilege, not a fundamental right. See also Plowman v. Dep't of Transp., Bureau of Driver Licensing, 635 A.2d 124 (Pa. 1993) (operating a motor vehicle upon a Commonwealth highway is a privilege subject to Commonwealth control and regulation; it is not a fundamental right).

The Jenner Court also confirmed that Vehicle Code provisions providing for suspension of a licensee's driving privilege for violations of the Vehicle Code constitute a legitimate exercise of the police power enacted for the purpose of protecting those persons who travel the roads of this Commonwealth. Citing Jenner, this Court similarly recognizes that the suspension of a licensee's driving privilege is a legitimate exercise of the police power designed to improve

12

highway safety. See Wert v. Dep't of Transp., Bureau of Driver Licensing, 821 A.2d 182 (Pa. Cmwlth. 2003).

As established by these and similar cases, civil license suspensions under the Vehicle Code are constitutional and consistent with the Commonwealth's police power to regulate use of the Commonwealth's roads and highways for the purpose of improving highway safety. Jenner; Funk; Wert; Ponce v. Dep't of Transp., Bureau of Driver Licensing, 685 A.2d 607 (Pa. Cmwlth. 1996); Urciuolo v. Dep't of Transp., Bureau of Driver Licensing, 684 A.2d 1094 (Pa. Cmwlth. 1996). Therefore, Licensee's constitutional right-to-travel challenge to the license suspension proceeding fails. Jenner; Funk; Wert.

Licensee also argues the trial court violated his constitutional right to a jury trial. However, Licensee waived this issue by failing to raise it during the trial court's suspension appeal hearing. Park; Cambpell.

Regardless, a right to a jury trial under the Seventh Amendment to the U.S. Constitution,[6] relating to civil trials, applies only to federal court proceedings. Wertz v. Chapman Twp., 741 A.2d 1272 (Pa. 1999) (citing Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211 (1916)).

---

[6] The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII.

13

Nevertheless, Article I, Section 6 of the Pennsylvania Constitution provides in pertinent part: "Trial by jury shall be as heretofore and the right thereof remain inviolate." PA. CONST. art I, §6. Pennsylvania courts apply a three-prong analysis to determine a party's right to a jury trial. Wertz (citing Commonwealth v. One (1) 1984 Z-28 Camaro Coupe, 610 A.2d 36 (Pa. 1992)). The court first looks to see if there is a statutory requirement for a jury trial. Id. In the absence of a statutory basis for a jury trial, the proper inquiry is whether the cause of action existed at the time of the adoption of the 1790 Pennsylvania Constitution and whether a concomitant right to a jury trial also existed. Id. If the cause of action existed and if jury trials were required, the court must determine whether there was a common law basis for the proceeding. Id.

Here, the Vehicle Code does not provide a right to a jury trial for a person appealing a driving privilege suspension to a common pleas court. Rather, Section 1550 of the Vehicle Code provides for judicial review in the nature of a hearing to determine whether the licensee's driving privilege should be suspended. 75 Pa. C.S. §1550. Section 1550 does not provide for a jury trial.

Moreover, Licensee cites no case law or statutory authority, and we are unaware of any such authority, recognizing a right to a jury trial in an appeal of a driving privilege suspension under the Vehicle Code. Accordingly, Licensee's contention that he was entitled to a jury trial in his appeal of his driving privilege suspension lacks merit. Wertz; Appeal of Watson, 105 A.2d 576 (Pa. 1954).

### 3. Remaining Issues Waived

14

We further observe that Licensee failed to raise during the appeal hearings any of the remaining issues he now advances on appeal as issues raised in his post-hearing motions to strike off judgment, reconsider and addendum to reconsider. As discussed above, a party "must comply with the general rule to raise an issue at the earliest opportunity." Campbell, 89 A.3d at 349. Here, Licensee did not raise at the appeal hearings his allegations of a criminal conspiracy between the trial court and the Department, the Cameron MDJ and the Cameron County Court to use the license suspension appeal proceedings to extort, defraud, harass, and stampede Licensee into paying the fines and costs of the citation. Moreover, Licensee presented no actual or material evidence justifying these allegations. Rather, Licensee's arguments consist of conclusory statements with little or no analysis or citation to pertinent authority. Arguments not properly developed in a brief are deemed waived. Rapid Pallet v. Unemployment Comp. Bd. of Review, 707 A.2d 636 (Pa. Cmwlth. 1998). In sum, although issue spotting is great sport, it is wholly insufficient to preserve an issue for appellate review. Pa. AFL-CIO ex rel. George v. Commonwealth, 757 A.2d 917 (Pa. 2000). Consequently, Licensee waived review of these issues. Pa. AFL-CIO; Park; Campbell; Rapid Pallet.

### III. Conclusion

For the above reasons, we discern no error or abuse of discretion in the trial court's denial of Licensee's statutory appeal of his driving privilege suspension. Accordingly, we affirm the trial court's order. Further, we direct that the Department's indefinite suspension of Licensee's driving privilege is to remain in effect.

———————————————

15

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodman C. Thompson, Jr., : 
                Appellant : 
                 : 
         v. : No. 139 C.D. 2018
                 : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 

# **O R D E R**

**AND NOW**, this 16th day of August, 2018, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Clearfield County is **AFFIRMED**. Further, the indefinite suspension of Appellant Rodman C. Thompson, Jr.'s driving privilege shall remain in effect.

 

_____

ROBERT SIMPSON, Judge